Joaquin FIGUEROA, Ramon Pabon, and Jose Reyes, Plaintiffs,

v.

NATIONAL MARITIME UNION OF AMERICA, AFL–CIO, Defendant.

United States District Court
S. D. New York.
March 21, 1961.

Robert M. Zweiman, New York City, for plaintiffs.

Cooper, Ostrin & De Varco, New York City, for defendant. Herman E. Cooper, H. Howard Ostrin, Ronald J. Brooks, New York City, of counsel.

SUGARMAN, District Judge.

The plaintiffs herein, members of the defendant union, filed an amended complaint in this court claiming that the union's refusal to register or refer them for employment constituted a fine, suspension, expulsion or discipline except for non-payment of the dues, in violation of Public Law 86–257, § 101(a) (5), 29 U.S. C.A. § 411(a) (5).

Defendant now moves to dismiss that amended complaint upon the grounds that

"(a) the Court has no jurisdiction over the subject matter of this action, (b) the complaint fails to state a claim upon which relief can be granted, and (c) the amended complaint is substantially the same as the complaint originally dismissed * * *."

An examination of the file shows that the complaint originally filed was not dismissed as defendant states, but rather, the motion attacking the complaint was "Withdrawn without prejudice to the right to renew after the plaintiff serves and files an amended complaint within twenty (20) days from date hereof as indicated by the court upon argument". Accordingly, I am not bound by any ruling of one of my colleagues on the merits of this motion.

Public Law 86–257, § 101(a) (5) provides that any fine, suspension, expulsion or discipline, except for non-payment of dues, shall require as a prerequisite that the member be:

"(A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

The complaint merely seeks a judgment "obligating the said defendant labor organization to afford onto [sic] them [the plaintiffs] the procedural requirements as set forth" in the Act or upon failure of the defendant to afford the plaintiffs such procedural rights the defendant register and refer the plaintiffs for employment.

If all that the statute required was as above stated, there could be no doubt that the complaint stated a claim upon which relief could be granted within the jurisdiction of this court because § 102 of the Act gives

"Any person whose rights secured by the provisions of this sub-chapter have been infringed by any violation of this sub-chapter"

the right

"[to] bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

However, Public Law 86–257, in § 101 (a) (4) provides

"That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof."

The thrust of the defendant's attack on the amended complaint is that it fails to set forth the allegation of exhaustion by the plaintiffs of reasonable hearing procedures as a condition precedent to the commencement of this suit.

The requirement of exhaustion of remedies under the Act is not absolute. Whether reasonable hearing procedures were available and, if so, whether plaintiffs should have utilized them are matters which cannot be determined at this time. Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir. 1961).

The motion is denied.

It is so ordered.