Herman REKANT

v.

SHOCHTAY–GASOS UNION, LOCAL 446 OF the AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA.

Civ. A. No. 28346.

United States District Court
E. D. Pennsylvania.
May 17, 1961.

Henry B. FitzPatrick, Jr., Philadelphia, Pa., for plaintiff.

Edward Davis, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff is a schochet, a ritual slaughterer under Jewish law. He is a member of a union of schochtim (plural of schochet). He has brought this action against the union on the contention that the union adopted a resolution, the effect of which was that the members of the union would not share work with him. The result has been that since the adoption of the resolution plaintiff has been without work. Plaintiff claims that this action of the defendant was disciplinary in nature and that in so disciplining him the union violated the rights assured to him under section 101 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 411, more familiarly known as the Landrum-Griffin Act.

Defendant contends that if plaintiff's averments are true defendant is guilty of an unfair labor practice and that this court does not have jurisdiction of the case, sole jurisdiction being in the National Labor Relations Board under 29 U.S.C.A. § 160(a).

Defendant cites the opinion of Judge Clary of this court in Strauss v. International Brotherhood of Teamsters, D.C. E.D.Pa.1959, 179 F.Supp. 297, in support of its contention that jurisdiction does not exist in this court in the present case. In the Strauss case, the question was whether the court had jurisdiction under the Landrum-Griffin Act to entertain an action by a former business agent of a union against his union to obtain reinstatement to his position of business agent. The Landrum-Griffin Act prohibited a person from acting as business agent of a union who had been convicted of robbery. It was under this section

of the Act that the plaintiff in the Strauss case had been discharged. Judge Clary held, and I fully agree, that the right to his position asserted by the plaintiff in the Strauss case was not one created by the Landrum-Griffin Act and that, consequently, the court did not have jurisdiction. The right asserted in the present case is a different one: the right of a union member not to be disciplined except after certain procedure. In reference to this the Act provides 29 U.S.C.A. § 411(a) (5):

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing * * * *"

As to jurisdiction, the Act also provides (29 U.S.C.A. § 412):

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

Clearly under the provisions of the Act the court has jurisdiction of the present case.

Section 101(a) (4) of the Landrum-Griffin Act, 29 U.S.C.A. § 411(a) (4), also provides:

"No labor organization shall limit the right of any member thereof to institute an action in any court * * Provided, that any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal * * * proceedings against such organization * * * *"

Whether or not plaintiff has properly exhausted his intra-union remedies is a question of fact which can be determined at the time of trial.

#### Order

And Now, May 17, 1961, defendant's motion to dismiss and for summary judgment are denied.