**James O. DELUHERY, Plaintiff,**

v.

**MARINE COOKS AND STEWARDS UNION, AFL–CIO, an unincorporated association, Defendant.**

**Civ. No. 1230–61–TC.**

United States District Court
S. D. California,
Central Division.
Nov. 6, 1961.

Jack Levine, Los Angeles, Cal., for plaintiff.

Brundage, Hackler & Flaum, by Richard W. Petherbridge, Los Angeles, Cal., for defendant.

THURMOND CLARKE, District Judge.

This matter is before the court on plaintiff's application for a preliminary injunction restraining defendant from expelling plaintiff from defendant union and on defendant's motion to dismiss this action for failure to state a claim upon which relief can be granted and lack of jurisdiction over the subject matter. It is the court's conclusion that: (1) plaintiff has not shown himself to be entitled to preliminary injunctive relief, and (2) plaintiff's complaint sufficiently states a claim upon which relief might be granted, the court has jurisdiction over the subject matter thereof, and defendant's motion to dismiss must therefore be denied.

Plaintiff's complaint is for an injunction for allegedly illegal disciplinary action taken against him by defendant union and is based upon Sections 101(a)(5) and 102 of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.A. §§ 411, 412), commonly referred to as the Landrum-Griffin Act. Said statutes provide in relevant part:

> 29 U.S.C.A. § 411(a)(5). *"Safeguards against improper disciplinary action.*—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues

by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

29 U.S.C.A. § 412. *"Civil action for infringement of rights; jurisdiction* Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. * * * "

The complaint on file herein alleges, *inter alia,* as follows: That plaintiff was at all times involved in this matter a member in good standing of defendant union. That plaintiff was recently tried *in absentia* for alleged violations of the union constitution and that the Trial Committee recommended plaintiff's expulsion. That in late 1960 plaintiff ran for the position of Wilmington Port Agent (which was the chief union official for the Port) against the incumbent and that as a result of the election plaintiff was defeated and the incumbent was re-elected. That subsequently plaintiff spoke against the present union administration, contended that the election had been irregularly conducted and petitioned the United States Department of Labor for an investigation of the election. That an investigation disclosed many violations of the Landrum-Griffin Act (29 U.S.C.A. § 481) and that the Secretary of Labor has since filed an action in the United States District Court for the Northern District of California alleging such violations and praying that the court declare the election null and void and order a new election to be held under the supervision of the Secretary of Labor. That plaintiff has had copies of the complaint mimeographed and circulated among members of the union. That as a member of the union plaintiff will be eligible to run for election for the position of Port Agent in the event that the

Secretary of Labor is successful in his attempt to have the previous election declared void. That, subsequent to August 15, 1961, a letter bearing that date was received by plaintiff, which letter notified him of certain charges which had been filed against him. That at the time he received said letter plaintiff was employed aboard the vessel S.S. Matsonia. That plaintiff wrote to the Port Agent, notifying him that the charges were not sufficiently specific to permit him to adequately prepare his defense. That on August 24, 1961, a Trial Committee was elected at a membership meeting in the Port of Wilmington and that because of a "reign of terror" instituted by the Port Agent a fair and impartial Trial Committee could not be elected. That the Trial Committee ordered that a hearing take place on August 29, 1961. That prior thereto (and affidavits reveal that this was on August 29, some three and one-half hours before the hearing was to take place) plaintiff was served with a bill of particulars allegedly detailing his alleged wrongs. That plaintiff appeared before the Trial Committee, challenged the qualifications of several members on the ground of prejudice, protested that he could not receive a full and fair hearing, alleged that he did not have adequate time to prepare his defense, claimed that the Port Agent controlled and dominated the Trial Committee and refused to participate in the hearing. That plaintiff was subsequently informed that he was found guilty of all charges and that the Trial Committee recommended his expulsion. That said expulsion, in the absence of temporary or preliminary restraint, would have become effective on September 21, 1961, if the membership at the "headquarters" branch of defendant union in San Francisco concurred in the recommendation of the Trial Committee. That if expelled plaintiff will lose his means of livelihood. That if expelled plaintiff will be ineligible to be a candidate for the post of Port Agent in case a new election is ordered. That the filing of charges was a trick engineered by the incumbent Port Agent to eliminate

plaintiff's and other's opposition to his "one-man rule".

The prayer of the complaint is for a permanent injunction restraining defendant from carrying out the recommendations of the Trial Committee and expelling plaintiff unless plaintiff is: (1) afforded a reasonable time to prepare his defense, (2) served with written charges, and (3) afforded a full and fair hearing.

Defendant's opposition to plaintiff's application for a preliminary injunction and defendant's motion to dismiss are based on three grounds: (1) that disciplinary action against plaintiff is at this time a mere possibility since he has not yet been expelled from the union and the recommendations of the Trial Committee are in no way binding upon the membership; (2) that plaintiff has not exhausted his internal union remedies and that the complaint is deficient in failing to allege such exhaustion; and (3) that, as appears from certain affidavits, plaintiff is not entitled to relief on the merits and defendant is therefore entitled to summary judgment.

█ Defendant's first and third contentions may be summarily disposed of at this time. While it is undoubtedly true that plaintiff has not as yet been expelled from the union, the court is of the opinion that the Trial Committee's recommendation of expulsion comes, for purposes of pleading, within the category of "other discipline" referred to in Section 101(a) (5) of the Landrum-Griffin Act (29 U.S.C.A. § 411(a) (5)). And according to the allegations of the complaint, this "other discipline" has been imposed upon plaintiff without compliance with the procedural safeguards of Section 101(a) (5) and, also according to the allegations of the complaint, in violation of equal rights and privileges and rights of freedom of speech and assembly guaranteed to plaintiff in Section 101(a) (1) and (2) of the Landrum-Griffin Act, which violations are also made actionable in Section 102. This conclusion is further bolstered by what presently appear to be the realities of the situation, namely, that the concurrence of the membership and expulsion of the plaintiff will probably be a rubber-stamping operation in view of the fact that no evidence was presented in plaintiff's behalf at the hearing. Regarding the affidavits which are now on file, the court is of the opinion that they do not resolve this conflict in favor of either party and therefore summary judgment would be improper.

Defendant's major argument challenging the sufficiency of the complaint and plaintiff's right to a preliminary injunction is that plaintiff has in fact failed to exhaust his intra-union remedies and that his failure to allege such exhaustion of remedies renders the complaint insufficient and defeats the jurisdiction of the court over the subject matter of this action.

█ Section 101(a) (4) of the Landrum-Griffin Act (29 U.S.C.A. § 411(a) (4)) protects the right of the union member to bring suit against anyone, including the union and/or its officers: *"Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof * * *"*. This limitation on the right to bring suit has been read into Section 102, the jurisdictional statute involved in the case at bar. (Detroy v. American Guild of Variety Artists, 286 F.2d 75, 77–78 (2 Cir., 1961), cert. den. 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961).) Thus, the strictures imposed by this proviso are binding upon the plaintiff in the instant matter and the sole remaining question is the manner in which this limitation is to be interpreted.

The leading case interpreting the exhaustion of remedies provision is Detroy v. American Guild of Variety Artists, supra, 286 F.2d 75 (2 Cir. 1961). In that case, a union member brought an action under Section 102 for an injunction and damages for disciplinary action by his union in violation of Section 101(a) (5). The plaintiff did not attempt to exhaust internal remedial procedures. After con-

sidering the legislative history and policies underlying the statute, the court held that Section 101(a) (4) does not impose on union members an absolute duty to exhaust internal union remedies before applying to federal courts for assistance and, further, in the special circumstances there presented, the court decided, on motion to dismiss, that the plaintiff did not have to exhaust his union remedies. Regarding the general interpretation of the statute, the court stated (at page 78):

> "The statute provides that any member of a labor organization 'may be required' to exhaust the internal union remedies, not that he 'must' or 'is required to' exhaust them. * * * We * * * construe the statute to mean that a member of a labor union who attempts to institute proceedings before a court or administrative agency may be required *by that court or agency* to exhaust internal remedies of less than four months' duration before invoking outside assistance."

The United States Supreme Court denied certiorari in the Detroy case (366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388) and it is therefore binding on this court. Contrary interpretations developed in cases prior to Detroy (see, e. g., Smith v. General Truck Drivers, etc., Union Local 467, 181 F.Supp. 14, 18 (D.C.S.D.Cal.1960); Rizzo v. Ammond, 182 F.Supp. 456, 471 (D.C.N.J.1960)) must, of course, be rejected, and contrary implications in subsequent cases (see, e. g., Penuelas v. Moreno, 198 F.Supp. 441 (D.C.S.D.Cal. 1961) are questionable.

█ The Detroy opinion establishes, not only that the exhaustion requirement of Section 101(a) (4) is not absolute, but further, as a necessary corollary, that the requirement which *may* be made is one to be imposed, if at all, by the *courts* rather than the labor organizations. In determining whether or not the exhaustion requirement should be imposed, federal courts are not bound by rules established by state courts but instead are obliged to formulate federal law on the subject. (286 F.2d, at 78–79.) And while state rules on the subject may be helpful as guideposts, the court indicates that the preferable approach is to proceed on a case by case basis considering each case on its individual facts. (Id.)

In Detroy, the court found a situation which was so extreme as to warrant a conclusion on a motion to dismiss that the plaintiff should not be required to exhaust intra-union remedies. The circumstances there combined were: (1) that the facts on their face revealed a violation by the union of Section 101(a) (5); (2) that the form of disciplinary action made it difficult for the union to provide an adequate remedy; (3) that it would be difficult or impossible to assess pecuniary damages; and (4) that it was not clear that union rules afforded a remedy to the member or that such remedy was clearly called to his attention. As a general policy, however, the court indicated that unions should be stimulated to take initiative and independently establish honest and democratic practices. Further, the court noted that it was often highly possible that corrective action within the union might render a member's complaint moot, that prior consideration of issues by union tribunals might prove of immense assistance to the courts and that the four-month rule provides a strong safeguard against abuse. Taking all these factors into account, the court was extremely cautious in its conclusion and indicated that, while the circumstances presented in Detroy compelled immediate judicial intervention, the absence of any of the outlined elements might dictate that exhaustion of remedies be required.

█ The case at bar obviously does not present as strong a factual situation as Detroy. It is by no means certain that the union's action has violated Section 101(a) (5); a fact question in that regard is clearly presented. The problem of assessing damages does not enter into the picture, since this is not an action for damages. The union rules appear to expressly provide for internal remedies of which plaintiff was probably well aware. In sum, it is quite possible that

further inquiry into this matter will reveal that the plaintiff should be required to exhaust his internal union remedies before seeking assistance in this court.

Several cases subsequent to the Detroy case have taken the position that since Detroy definitely established that exhaustion of union remedies is not an absolute condition precedent to federal jurisdiction, there is no pleading requirement that a plaintiff allege such exhaustion in order to defeat a motion to dismiss. These cases further indicate that where a plaintiff does not plead exhaustion, factual questions are raised as to whether the plaintiff actually did exhaust internal remedies, whether reasonable remedies were available, whether in the particular case a plaintiff should be required to utilize such remedies, which questions cannot properly be determined on a motion to dismiss but must await trial for their ultimate determination. Cases taking or implying this approach include Hughes v. Local No. 11 of Internat'l Ass'n of Bridge, etc., 287 F.2d 810, 819 (3 Cir. 1961); Figueroa v. National Maritime Union of America, 198 F.Supp. 946 (D.C.S.D.N.Y.1961); and Rekant v. Shochtay-Gasos Union, etc., 194 F.Supp. 187, (D.C.E.D.Pa.1961). In the present case, the court is loath to determine the vital questions raised either on the basis of the pleadings or on the basis of conflicting affidavits and therefore adopts the approach of these recent cases, declining to determine the matter at this time, either on motion to dismiss or on motion for summary judgment.

The pitfalls encountered on determining the question of exhaustion of remedies on preliminary motions are not present in the situation where the court is confronted, as here, with an application on the part of a plaintiff for a preliminary injunction. In such a situation, it seems reasonable to consider the various factual allegations and speculate as to the possible resolution of these matters at the time of trial. Such an approach was followed in Sheridan v. United Brotherhood of Carpenters and Joiners, Local 626, 191 F.Supp. 347 (D.C.Del.

1961), where a preliminary injunction was granted, and also in Salzhandler v. Caputo, 196 F.Supp. 554 (D.C.S.D.N.Y. 1961), where application for a preliminary injunction was denied.

The allegations in the Salzhandler case present a rather striking parallel to those in the case at bar. In Salzhandler, plaintiff sued for damages and an injunction for certain union actions, including: barring plaintiff from participating in union affairs for five years; hindering or preventing plaintiff from nominating candidates, voting in elections, attending union meetings, etc.; and interfering with plaintiff's functions and salary as financial secretary of the local union. It was further alleged that these acts resulted from the following circumstances: plaintiff attacked the president of the Local; the president alleged that plaintiff's statements were untrue and filed intra-union charges against him; a five-man trial board was appointed to hold a hearing; plaintiff received notice of this hearing and appeared with counsel; the trial board found that plaintiff's charges against the Local's president were untrue and unwarranted and took the disciplinary action complained of. Plaintiff appealed from the decision of the trial board and this appeal was pending within the union when the action was brought; hence, it was apparent that plaintiff had not exhausted his union remedies. The court considered the factors which were present in the Detroy case and, as in the case at bar, noted that the circumstances before it fell far short of the compelling situation presented in Detroy. The court noted that plaintiff had failed to show that there was a reasonable probability that he would prevail in his federal action and declined to issue a preliminary injunction on the ground that such showing was required in order to justify preliminary injunctive relief. 196 F. Supp. at 555.

In the instant matter, the court adopts the reasoning of the Salzhandler case and concludes that the drastic remedy of preliminary injunctive relief "is inappropriate to the present posture of this

case." (Salzhandler v. Caputo, supra, 199 F.Supp. at p. 557.)

It Is Now Therefore Ordered that plaintiff's application for a preliminary injunction is hereby denied, and the temporary restraining order heretofore issued is hereby vacated.

It Is Further Ordered that defendant's motion to dismiss is hereby denied.

It Is Further Ordered that the Clerk shall this day serve copies of this opinion and order by United States mail upon the attorneys appearing for the parties in this cause.