Frank FORLINE, Sr., Joseph M. DiRito, Joseph Cornish, Michael Mangini, John Mangini, Thomas Paologa, Aurellio Luciano, Valentino Lanza

v.

HELPERS LOCAL NO. 42, Affiliated with the International Association of Marble, Slate and Stone Polishers, Rubbers and Sawyers, Tile and Marble Setters Helpers and Marble Masonic Terrazzo Workers' Helpers

and

The International Association of Marble, Slate and Stone Polishers, Rubbers and Sawyers, Tile and Marble Setters Helpers and Marble Masonic Terrazzo Workers' Helpers

and

John J. Conway and Benjamin Porta.

No. 31341.

United States District Court
E. D. Pennsylvania.

Dec. 3, 1962.

Mitchell S. Lipschutz, Philadelphia, Pa., for plaintiff.

Maurice Abrams, Philadelphia, Pa., for defendants.

LUONGO, District Judge.

Plaintiffs, members of Helpers Local No. 42, have filed a complaint under the Labor-Management Reporting and Disclosure Act of 1959 [29 U.S.C.A. § 401 et seq.] (hereinafter LMRDA) setting forth five claims against the Local, the International and two individual defendants. The claims include allegations of an unlawful increase in dues, improper discipline of plaintiffs, failure to reveal information relating to health and welfare funds, unlawful continuation of a trusteeship over the Local, and a failure to make available to plaintiffs copies of the union constitution, bylaws and collective bargaining agreements. Defendants have moved, on various grounds, to dismiss the complaint or, in the alternative for a more definite statement.

Defendants first contend that all of the claims of the complaint must be dismissed because "plaintiffs have failed to exhaust the remedies available unto them under the Constitution and By-laws of the defendant International Association."

The requirement that a union member exhaust intraunion remedies before bringing suit against a union is embraced in LMRDA § 101(a) (4) [29 U. S.C.A. § 411(a) (4)]. The case of Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2nd Cir., 1961) cited by plaintiffs to justify their failure to resort to union procedures, does not repudiate the doctrine of exhaustion, on the contrary the court expressly acknowledged that it was part of LMRDA. In Detroy, however, as Judge Hastie pointed out in his concurring opinion in Sheridan v. United Brotherhood of Carpenters, Etc., 306 F.2d 152 at 160 (3rd Cir., 1962), the exhaustion of union remedies was not required because plaintiff had proved to the satisfaction of the court that the hearing procedures provided by the union " * * * were unreasonably vague and time consuming." The legislative and judicial policies which underlie the requirement to exhaust remedies were discussed in Detroy v. American Guild of Variety Artists, 286 F.2d at page 79:

"The congressionally approved policy of first permitting unions to correct their own wrongs is rooted in the desire to stimulate labor organizations to take the initiative and independently to establish honest and democratic procedures.

* * * * * *

"The possibility that corrective action within the union will render a member's complaint moot suggests that, in the interest of conserving judicial resources, no court step in before the union is given its opportunity."

To effectuate those policies the issue of exhaustion of remedies should be disposed of as early in the proceedings as practicable. In appropriate cases it may be determined preliminarily upon motion, but it cannot be resolved in a vacuum. Where a union moves to dismiss the complaint, it should place before the court *facts* establishing that union remedies are available to the plaintiff and that plaintiff has neglected to use them. This may be accomplished in many ways, by means of exhibits, affidavits, depositions, etc. Defendants, here, however, have placed no facts in the record, they have merely attached to their brief what purports to be a copy of the union constitution. The union constitution has not been made part of the record, but even if it had, that document, in and of itself, falls short of establishing that plaintiffs have failed to take advantage of available, reasonable union procedures. Failure to resort to such procedures warrants

dismissal, but the record in this case, in its present state, is inadequate to support a dismissal on this ground. On the other hand, plaintiffs have not placed any facts in the record which would excuse their failure to resort to union procedures. Counsel's statements during oral argument are not a part of the record and do not cure that deficiency. In view of the deficiency of the record, defendants' motion to dismiss for failure to exhaust union remedies will be denied but the denial will be without prejudice to a renewal of the motion on that ground if and when a proper factual foundation for such a motion has been laid.

The failure to exhaust intra-union remedies is the only ground assigned for dismissal of plaintiffs' first claim—unlawful increase of dues. As for plaintiffs' other claims, in addition to the failure to exhaust intra-union remedies, other grounds for dismissal have been asserted by defendants.

Plaintiffs' second claim contained in paragraph 11 of the complaint, refers to certain acts which they contend have resulted in improper discipline in violation of LMRDA § 101(a) (5) [29 U.S.C.A. § 411(a) (5)], to wit:

(a) Refusal to accept plaintiffs' dues;

(b) Causing employers to refuse to hire plaintiffs because of their opposition to the administration of the local;

(c) Denial of plaintiffs' request for copies of the union's constitution, by-laws and labor agreements.

■ Defendants contend that subdivision (a) of plaintiffs' second claim (paragraph 11(a)) suggests an unfair labor practice under § 7 and § 8(b) of the National Labor Relations Act [29 U.S.C.A. § 157 and § 158(b)] and is subject, therefore, to the exclusive jurisdiction of the National Labor Relations Board. From an exhibit attached to the complaint it appears that defendants' refusal to accept plaintiffs' tender of dues was because the amount tendered was less than the amount required under a recent increase of dues. Plaintiffs' first claim challenges that increase. The

alleged invalidity of defendants' refusal to accept plaintiffs' dues, therefore, is wholly dependent on the validity or invalidity of the increase. I have refused to dismiss plaintiffs' first claim, and since I regard subdivision (a) of plaintiffs' second claim as merely a subsidiary issue to the first claim, I shall also deny the motion to dismiss subdivision (a) of plaintiffs' second claim.

■ Subdivision (b) of plaintiffs' second claim (paragraph 11(b)) clearly alleges an unfair labor practice, Rinker v. Local Union No. 24, 201 F.Supp. 204 (D.C.W.D.Pa.1962), and under the Garmon doctrine is within the exclusive jurisdiction of the National Labor Relations Board. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S. Ct. 773, 3 L.Ed.2d 775 (1959). Defendants' motion to dismiss subdivision (b) of plaintiffs' second claim (paragraph 11(b)) will be granted.

Subdivision (c) of plaintiffs' second claim (paragraph 11(c)) in essence duplicates plaintiffs' fifth claim and will be included in the later discussion of that claim.

■ In the third claim, plaintiffs allege a refusal by defendants, in violation of LMRDA Title V [29 U.S.C.A. Subchapter VI, § 501 et seq.], to reveal the status of health and welfare funds in spite of repeated requests by plaintiffs. Section 501(b) LMRDA [29 U.S. C.A. § 501(b)], under which plaintiffs are apparently proceeding, deals with "wrongdoings" in the handling of union funds and gives union members the right to bring actions, after preliminary procedures have been observed, to correct abuses with regard to such funds. Penuelas v. Moreno, 198 F.Supp. 441 (D.C. S.D.Cal.1961); Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608 (D.C.E.D.Pa.1960). It is not designed to obtain information regarding the status of welfare funds. Union members seeking such information must do so under § 8 of the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. § 307] by proceeding

against the administrator or trustee of the fund. Plaintiffs have not alleged that any of defendants have any connection with or control over either the welfare funds or records pertaining thereto. Plaintiffs' third claim is defective in this respect and will be dismissed.

■ In their fourth claim, plaintiffs allege that the trusteeship over Helpers Local 42 is no longer necessary. Defendants contend that as a prerequisite to judicially asserting this claim plaintiffs must file a complaint with the Secretary of Labor under § 304(a) LMRDA [29 U.S.C.A. § 464(a)]. There is a diversity of opinion among the District Courts on this question. Defendants have cited in support of their position, Flaherty v. McDonald, 183 F.Supp. 300 (D.C.S.D. Cal.1960); and Rizzo v. Ammond, 182 F.Supp. 456 (D.C.D.N.J.1960). A contrary view is expressed in Vars v. International Bro. of Boilermakers, Etc., 204 F.Supp. 245 (D.C.D.Conn.1962) and Executive Board Local Union No. 28 IBEW v. International Brotherhood of Electrical Workers, 184 F.Supp. 649 (D. C.D.Md.1960). The latter view is more persuasive, and I hold that filing a complaint with the Secretary of Labor is not a prerequisite to bringing a civil action. Defendants' motion to dismiss plaintiffs' fourth claim, therefore, will be denied.

Plaintiffs allege in their fifth claim and in subdivision (c) of the second claim (paragraph 11(c)) that, despite repeated requests, defendants have refused to furnish plaintiffs with copies of the union's constitution, bylaws and labor agreements. Section 104 LMRDA [29 U.S.C.A. § 414] gives union members the right, upon request, to obtain copies of collective bargaining agreements. That section also states that § 210 [29 U.S.C.A. § 440] " * * * shall be applicable in the enforcement of this section." Section 210 LMRDA provides:

"Whenever it shall appear that any person has violated or is about to violate any of the provisions of this title, the Secretary may bring a civil action for such relief (including

injunctions) as may be appropriate. Any such action may be brought in the district court of the United States where the violation occurred or, at the option of the parties, in the United States District Court for the District of Columbia."

■ Defendants insist that § 210 is the exclusive remedy for plaintiffs. I disagree. Section 104 is contained in Title I LMRDA [29 U.S.C.A. Subchapter II, § 411 et seq.] and is part of the "Bill of Rights of Members of Labor Organizations." The "rights" contained in Title I are expressly enforceable in a civil action brought by "any person whose rights * * * have been infringed * * *" LMRDA § 102 [29 U.S.C.A. § 412]. On the other hand, § 210 is part of Title II LMRDA [29 U.S. C.A. Subchapter III, § 431 et seq.] which requires "Reporting by Labor Organizations, Officers and Employees of Labor Organizations, and Employers." The sections under this Title require reports to be filed with the Secretary of Labor, and § 210 gives the Secretary of Labor the power to enforce those requirements by court proceedings. Section 104 deals with information required to be furnished to union members. Vesting in such members a private right to enforce that requirement is in no way incompatible with, and indeed, is supplemented by the existence of a similar right in the Secretary. Section 210 is nowhere expressly made the exclusive procedure for enforcing § 104, instead the scheme of the legislation and the language of the sections in question support the view that § 210 is a supplemental remedy.

■ In contrast to the express requirements of § 104 [29 U.S.C.A. § 414] that a labor union supply copies of labor agreements upon request to its members, there is no similar provision covering union constitutions and bylaws. Since Congress was very specific in requiring that certain information, e. g. financial data, LMRDA § 201(c) [29 U.S.C.A. § 431(c)], labor agreements, § 104 [29 U.S.C.A. § 414], etc., be made available to union members, I cannot assume that

the failure to include reference to constitution and bylaws was inadvertent. Those parts of plaintiffs' fifth claim and paragraph 11(c) of the second claim which relate to refusal to furnish copies of constitution and bylaws will be dismissed.

Plaintiffs suggested, at oral argument, that the failure to furnish copies of the constitution and bylaws excuses exhaustion of intra-union remedies because without these documents plaintiffs were unable to discover whether there were any intra-union remedies available to them. Although the complaint itself contradicts this position (by express reference to a constitutional provision and by alleging that some of plaintiffs were former officers who presumably were familiar with the union constitution, bylaws and the appellate procedure), the failure to supply copies of the documents in question does not support an independent cause of action under LMRDA. Instead, if properly placed before the Court at the appropriate time, it is a factor to be considered when the exhaustion of remedies issue is finally determined.

The motion to dismiss the complaint against John J. Conway will also be denied. Paragraph 5 of the complaint identifies him as an officer of the International and paragraphs 11(c) and 18 contain allegations against, inter alia, individual defendants, of whom Conway is one. Whether the allegations against Conway are true and whether plaintiffs may, therefore, have rights and remedies against him must await the development of the evidence at trial.

Defendants' motion for a more definite statement will also be denied. The paragraphs under attack, 11 and 12, are sufficiently clear and detailed to permit defendants to file a responsive pleading and, therefore, satisfy the requirement of Rule 8, Federal Rules of Civil Procedure. If there is any deficiency in the information therein contained, resort may be had to discovery procedures to aid in the preparation of the answer. Bell v. Novick Transfer Company, Inc., 17 F.R.D. 279, 280 (D.C. D.Md.1955); 2 Moore's Federal Practice ¶12:18.