James THOMAS et al.

v.

The PENN SUPPLY AND METAL COR-
PORATION et al.

Civ. A. No. 34732.

United States District Court
E. D. Pennsylvania.

March 20, 1964.

David Cohen, William J. MacDermott, Stephen A. Sheller and Snyder & Lowenschuss, Philadelphia, Pa., for plaintiffs.

Maurice Abrams and Robert M. Abramson, Philadelphia, Pa., for defendants.

DAVIS, District Judge.

This action was instituted on December 19, 1963 by the plaintiffs who filed a complaint against The Penn Supply and Metal Corporation, hereinafter referred to as "Employer", and Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, International Hod Carriers' Building and Common Laborers' Union of America, AFL–CIO, Local 57, hereinafter referred to as the "Union". On the same day, the Honorable Ralph C. Body issued a temporary restraining Order against the "Employer" and the "Union". On December 20, 1963, Judge Body vacated the restraining Order since it was not entered in conformity with Rule 65, Federal Rules of Civil Procedure. This labor matter is now before this Court on defendant "Union's" Motion to Dismiss, Motion for More Definite Statement and Motion to Strike.

The grounds asserted by the "Union" for its Motion to Dismiss are that the Court lacks jurisdiction of the subject matter and that the complaint does not state a claim upon which relief may be granted.

The complaint alleges a conspiracy between the defendants, "Employer" and "Union", to deprive the plaintiffs of their rights under Title I, § 101(a) (1) and (2) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 411 et seq., herein referred to as the Landrum-Griffin Act, and § 8(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., herein referred to as the Taft-Hartley Act. The "Union" argues that this dispute is within the exclusive jurisdiction of the National Labor Relations Board, since the complaint alleges a violation of the Taft-Hartley Act. Though paragraph No. 5 of the complaint may be inarticulately drawn, the complaint as a whole clearly alleges a conspiracy in violation of the "Bill of Rights" title of the Landrum-Griffin Act.

As to jurisdiction, the Landrum-Griffin Act provides (29 U.S.C.A. § 412):

> Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

Clearly, under the provisions of the Act the Court has jurisdiction of the subject matter of the present case. Rekant v. Shochtay-Gasos Union, Local 446, 194 F.Supp. 187 (E.D.Pa.1961), denying defendants' Motion to Dismiss; 205 F. Supp. 284 (E.D.Pa.1962) opinion by Judge Freedman after trial.

On appeal, 320 F.2d 271 (3rd Cir. 1963), the Court held, at page 274:

"Even assuming that there might be elements of this case arguably subject to Sections 7 or 8 of the Taft-Hartley Act affords no basis for ousting the jurisdiction of the district court." Citing Int'l Ass'n. of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958).

■ The granting of these rights to Union members by the Landrum-Griffin Act has been construed to mean that the new federal protection was superimposed on protection already available in other forums, reinforcing and not supplanting such protection. Rekant v. Shochtay-Gasos Union, Local 446, supra; Parks v. International Brotherhood of Electrical Workers, 314 F.2d 886 (4th Cir. 1963).

■ The defendant "Union" also asserts that the complaint fails to state a claim upon which relief can be granted. This is based on the defendant's allegation that the plaintiffs have failed to exhaust their internal union remedies as provided under § 101(a) (4) of the Landrum-Griffin Act [29 U.S.C.A. § 411 (a) (4)]. However, it should be pointed out that the Act provides that a union member *may* be required to exhaust reasonable hearing procedures in the "Union", not that he *must* exhaust his remedies before instituting legal proceedings against the "Union". Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2nd Cir. 1961).

■ In this regard, the "Union" should, on a motion to dismiss the complaint, place before the Court facts to establish that union remedies are available and that the plaintiffs have neglected their utilization. A copy of the Union Constitution attached to the "Union's" brief in support of their motion does not fulfill their obligation to present facts to the Court which would establish plaintiffs' failure to follow available, reasonable procedures. A failure would war-

rant dismissal, but such a failure must be shown by the moving party. Bey et al. v. Muldoon et al., 217 F.Supp. 404 (E.D.Pa.1963): Forline v. Helpers Local No. 42 et al., 211 F.Supp. 315 (E.D. Pa.1962).

■ On this motion to dismiss under Rule 12(b) (6), Federal Rules of Civil Procedure, it will be treated as a motion for summary judgment and whether or not plaintiffs have properly exhausted their internal union remedies is a question of fact which can be determined at the time of trial. Under these circumstances, summary judgment is precluded. Rekant v. Shochtay-Gasos Union, Local 446, 194 F.Supp. 187 (E.D.Pa. 1961).

■ Defendant "Union's" motion for a more definite statement will also be denied. Paragraphs 6 and 7 of the complaint, which are the object of this motion, comprise allegations of the acts the defendants are charged with committing and are sufficiently clear to this end. Rule 8 of the Federal Rules of Civil Procedure is satisfied when the allegations are sufficiently clear and detailed to permit the defendants to file a responsive pleading. If the defendant requires any further information or enlargement of the facts, resort to the discovery procedures is available. Forline v. Helpers Local 42, supra; Bell v. Novick Transfer Company, Inc., 17 F.R.D. 279 (D.C.Md.1955); 2 Moore's Federal Practice ¶ 12:18.

■ The defendant "Union" also moves under Rule 12(f), F.R.C.P., to strike paragraph 4 of the complaint which characterizes certain officials of the "Union" as a "faction". The "Union" claims such an allegation to be scandalous within the meaning of Rule 12(f) and, furthermore, is not true. However the truth of the matter may be, the allegations of the complaint charge both the "Employer" and the "Union" with self serving factions and to characterize a group within the "Union" as a "faction" is in keeping with these allegations.

## ORDER

And now, this 20th day of March, 1964, the defendants' Motions to Dismiss, for a More Definite Statement and to Strike be and the same are hereby denied. The plaintiffs shall file an amended complaint which will clearly allege the rights they claim have been violated.