Harry **YEAGER**

v.

**C. SCHMIDT & SONS, INC.**

and

**International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 830, and Louis Lanni, individually and Secretary-Treasurer of said Local Union No. 830.**

**Civ. A. No. 71–963.**

United States District Court,
E. D. Pennsylvania.

May 15, 1972.

Paul Auerback, Philadelphia, Pa., for plaintiff.

Richard H. Markowitz, Wilderman, Markowitz & Kirschner, Philadelphia, Pa., for defendant Local 830.

MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is the defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen

and Helpers of America, Local Union 830, and Louis Lanni, individually and Secretary-Treasurer of said Local Union 830 Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56, 28 U.S.C. (hereinafter referred to as Local 830, and Lanni). The defendants contend that the plaintiff has failed to exhaust the remedies available to him under the appeals procedure of the Constitution of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter referred to as the International). The plaintiff has moved to strike this defense from the defendants' answer.

Plaintiff brought suit against his employer, C. Schmidt & Sons, Inc. (hereinafter referred to as Schmidt), for breach of contract after Schmidt's refusal to reinstate him following an accident in the course of his employment and his subsequent recovery. Suit was also instituted against Local 830 and Lanni for failure to properly process plaintiff's claim.[1]

Contrary to Local 830's claim that there is no material issue of fact at issue, plaintiff avers that they never had any notice of any internal appeal procedures, and that the provisions relied upon by Local 830 are insufficient as a matter of law to support either its motion or defense.

Local 830 contends that:

"The Constitution of the International in Article XIX establishes a procedure by which members of local unions may make complaints, file charges, seek redress or challenge any action, decision or penalty of a local union or local union official. Plaintiff in this action could have charged that the defendant

Local No. 830 improperly failed to pursue his claim further. Article XIX, Section 3(a), International Constitution. Under Article XIX, Section 4, plaintiff could also have requested the General Executive Board to assume original jurisdiction over his claim."

Article XIX, Section 1(a) provides:

"Trials and Appeals Trials of Local Union Officers and Members—Procedure.

Section 1(a). A member or officer of the Local Union charged by any other member of the Local Union with *any offense constituting violation of this Constitution* (emphasis supplied), shall unless otherwise provided in the Constitution be tried by the Local Union Executive Board."

Article XIX, Section 3(a) provides:

Trials and Appeals of Local Unions, Other Subordinate Bodies and Elective International Union Officers

Section 3(a). *Whenever charges are preferred against a Local Union* or against a Joint Council, of other subordinate body, *such charges shall be filed in writing in duplicate with the Secretary of the trial body,* and shall be served personally or by registered or certified mail on the Secretary-Treasurer of the Local Union, or the Joint Council or other subordinate body so charged. *If the charges are against the Local Union the trial shall be by the Executive Board of the Joint Council, provided that if a Local Union is not affiliated with a Joint Council due to the fact that no Joint Council exists with which such Local Union can affiliate, the trial shall be by the General Executive Board.* If

---

1. Plaintiff in his Complaint contends that Local 830 and Lanni breached their duties and obligations to him as follows:

   (a) By failing to arbitrate plaintiff's rights;

   (b) By dropping plaintiff's claim solely on Schmidt's refusal to employ plaintiff;

   (c) By failing to advise plaintiff of his full rights during his period of medical care and thereafter;

   (d) By failing to obtain competent, expert medical and other expert testimony in plaintiff's behalf to demonstrate his employability at Schmidt's;

   (e) In failing to fully investigate plaintiff's claim.

On July 24, 1970, Local 830 and Lanni, by their counsel, refused to institute arbitration procedures against Schmidt's at the request of plaintiff's attorney.

the charges are against a Joint Council or other subordinate body, the trial shall be before the General Executive Board. The provisions of this Section shall also be applicable when the Executive Board of the subordinate body is charged or is the charging party." (emphasis supplied).

Article XIX, Section 4(a) provides:

"Original Jurisdiction of General Executive Board to Try Offenses Against International Union

Section 4(a). Notwithstanding any other provision of this Constitution, the General Executive Board shall have jurisdiction to try individual members, officers, Local Unions . . . *for all offenses committed against the officers of the International Union or the International Union.*" (Emphasis supplied)

It has been the general rule, and the rule of this circuit, that before a suit against a Union for breach of its duty of fair representation may be brought in the courts, the member must first exhaust the available internal union remedies, or show an adequate reason for failing to do so. This rule forestalls judicial interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own legitimate affairs.[2] Brady v. Trans World Airlines, Inc., 401 F.2d 87 (3d Cir. 1968), cert. denied, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969). This is so, in the absence of a showing that it would be futile or that the remedy would be inadequate.[3] Frederickson v. System Fed. 114 of Ry. Emp. Dept., 436 F.2d 764 (9th Cir. 1970). The union must show that there is a procedure available to the members within the union structure reasonably calculated to redress the *particular* grievance complained of. Fruit and Vegetable Packers & Ware. Local 760 v. Morley, 378 F. 2d 738 (9th Cir. 1967). (Emphasis supplied) Where a union moves to dismiss the Complaint, it should place before the court *facts* establishing that union remedies are available to the plaintiff and that plaintiff has neglected to use them. Forline v. Helpers Local No. 42, 211 F. Supp. 315, 317 (E.D.Pa.1962). (emphasis supplied by the Court).

Neither party has placed sufficient facts before the Court in support of their respective motions. The union must, specifically and in detail specify the following:

1. The specific procedures presently available to the plaintiff to redress the particular grievance complained of.

2. Facts showing that the procedure would not be dilatory, biased, or futile.

2. The requirement that a union member exhaust intra-union remedies before bringing suit against a union is embraced in LMRDA § 101(a) (4) [29 U.S.C. § 411(a) (4)]. That section provides: "No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided*, that any such member *may* be required to exhaust *reasonable* hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof: *And provided further*, That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition." (Emphasis supplied)

3. A Union member seeking vindication of his rights need not exhaust internal procedures where he might be prejudiced by the delay involved, where the Union's appellate body might be biased, or where the internal procedures might themselves be inadequate. Cefalo v. International Union of Dist. 50 United Mine Wkrs., 311 F.Supp. 946 (D.C.D.C.1970).

3. Facts showing that the procedure is adequate.

4. Facts showing that the International Constitution is applicable to this case.

5. Facts showing that the procedures are generally known to the union membership, and readily available.

6. Facts showing that the procedures are simply and easily initiated and processed.

7. Facts showing that the procedures are not inordinately lengthy or complicated.

8. Facts showing that the procedures afford the member a fair and impartial hearing of his grievance.

The plaintiff must place *facts* in the record which would excuse his failure to resort to union procedures.

The issue of exhaustion of intra-union remedies should be decided as early as possible, however, the Court must be satisfied that before dismissing the claim the purported remedy is real and not illusory.