**Harry YEAGER**

v.

**C. SCHMIDT & SONS, INC., et al.**

**Civ. A. No. 71–963.**

United States District Court,
E. D. Pennsylvania.

Feb. 14, 1973.

Paul Auerback, Philadelphia, Pa., for plaintiff.

Richard H. Markowitz, Wilderman, Markowitz & Kirschner, Philadelphia, Pa., for defendant Local 830.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Harry Yeager brought suit against his employer, C. Schmidt & Sons, Inc. (Schmidt) alleging that Schmidt breached several contracts including the collective bargaining agreement entered into with Yeager's union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 830 (Local 830), when it refused to reinstate Yeager after his recovery from an accident suffered in the course of his employment. The plaintiff also instituted suit against Local 830 and Louis Lanni (Lanni), Secretary-Treasurer of the Local, alleging breach of the duty of fair representation in their failure to institute arbitration procedures on plaintiff's behalf against Schmidt. Presently before the Court is a renewed Motion for Summary Judgment filed by defendants, Local 830 and Lanni, and the plaintiff's renewed Motion to Strike Defense. The defendants argue that this Court does not have jurisdiction over this action because plaintiff has failed to exhaust the intra-union remedies available to him under the applicable union constitution. Plaintiff contends that the internal procedures relied upon by the union to bar his suit are insufficient as a matter of law.

In support of its initial motion, Local 830 and Lanni introduced a copy of the union constitution attached to Lanni's affidavit. The affidavit stated that certain specified sections of the union constitution establish a procedure whereby Yeager could have sought redress by charging that Local 830 improperly failed to pursue his claim.[1] Lanni's affidavit further stated that Yeager did not pursue the appeals available to him under the constitution. Plaintiff's initial motion was supported by his affidavit stating that he did not have actual or constructive notice that his union had any internal procedure through which he could appeal his union's decision not to pursue his claim for reinstatement with Schmidt.

In denying both motions, this Court stated, "The issue of exhaustion of intra-union remedies should be decided as early as possible, however, the Court must be satisfied that before dismissing the claim the purported remedy is real and not illusory."[2] The Court emphasized that a union member must exhaust reasonable intra-union procedures before he will be permitted to institute legal action against his union. The Court, however, was not satisfied that the union constitution, in and of itself, established that the plaintiff failed to take advantage of reasonable intra-union remedies. The union, therefore, was ordered to set forth facts showing that the intra-union procedures were reasonably calculated to redress the particular grievance complained of by the plaintiff and were generally known to the union membership. Plaintiff was required to set forth facts which would excuse his failure to resort to intra-union procedures.

The defendants' renewed Motion for Summary Judgment once again states that under Article XIX, section 3(a), or in the alternative section 4, of the applicable constitution, the plaintiff may charge that defendant union has improperly failed to pursue his claim to arbitration. In support of the defendants'

---

1. The provisions referred to are Article XIX, §§ 3(a), 4, of the 1966 Constitution, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. These provisions are set forth in the Court's consideration of the initial motions at 343 F.Supp. 927.

2. 343 F.Supp. 927, 930 (E.D.Pa.1972).

renewed motion is an affidavit of Louis Lanni which attempts to show that the intra-union procedures are reasonably calculated to redress a grievance such as plaintiff's by setting forth six representative appeals that have been taken by members of locals throughout the country[3] pursuant to the provisions of Article XIX. These representative appeals emphasize that charges filed against members and officers pursuant to Article XIX must allege a violation of a provision of the union constitution or by-laws. The examples cited include charges such as abuse of fellow members and officers, misconduct in office, and an illegal transfer from one local to another. No examples are provided where a member employed the intra-union appeal procedure to charge a local union or its officers with failure to take his grievance to arbitration.

Plaintiff contends that he did not initially resort to an intra-union procedure because he did not know of any union procedures by which he could appeal Lanni's decision not to pursue his grievance to arbitration.

 A union member is not required initially to pursue intra-union procedures where, as here, they are so dubious that there is not a reasonable likelihood that he could obtain adequate relief if his claim was meritorious. Frederickson v. System Federation No. 114 of Railway Employees Department, AFL–CIO, 436 F.2d 764 (9th Cir. 1970); Brady v. Trans World Airlines, Inc., 401 F.2d 82 (3d Cir. 1968), cert. denied, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969); Fruit & Vegetable Packers & Warehousemen Local 760 v. Morley, 378 F.2d 738 (9th Cir. 1967); Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir. 1961), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L. Ed.2d 388; Cefalo v. International Union of District 50 United Mine Workers of America, 311 F.Supp. 946 (D.C.D.C. 1970); Forline v. Helpers Local No. 42, 211 F.Supp. 315 (E.D.Pa.1962); Associated Orchestra Leaders of Greater Philadelphia v. Philadelphia Musical Society, Local 77, of the American Federation of Musicians, 203 F.Supp. 755 (E. D.Pa.1962). The defendants again rely on Donahue v. Acme Markets, Inc., 62 L.R.R.M. 2770 (E.D.Pa.1966), where the Court, in considering the same internal procedures in an earlier union constitution, stated that it did not have jurisdiction of the member's claim until after the intra-union remedies were exhausted. This Court, after requiring the union to submit facts showing that the purported internal remedy is real and not illusory, is convinced that the procedures described in the applicable constitution do not provide a reasonable method whereby Yeager could seek relief from the union's failure to take his grievance to arbitration. Plaintiff's claim, therefore, will not be barred by his failure initially to pursue these inadequate remedies. Plaintiff's Motion to Strike Defense of failure to exhaust intra-union remedies will be granted.

---

3. The representative sample does not include an intra-union appeal by a member of Local 830.