**Mamie HIGGINS**

v.

**MODERN LAUNDRY AND DRY CLEANING CO., Local Union No. 10 of the Laundry, Dry Cleaning and Dye House Workers International Union.**

**Civ. A. No. 79–3285.**

United States District Court,
E. D. Pennsylvania.

March 31, 1980.

David C. Harrison, Philadelphia, Pa., for plaintiff.

Edward Davis, William J. Einhorn, Philadelphia, Pa., for defendant Union.

Leslie A. Miller, Philadelphia, Pa., for defendant Modern Laundry.

## OPINION

LUONGO, District Judge.

Plaintiff Mamie Higgins was employed by defendant Modern Laundry from 1953 until November 17, 1977, when her employment was terminated, ostensibly because Higgins had for some period of time caused disturbances in the laundry and made threats to fellow employees. She contends that by firing her, Modern violated Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1978), because her firing was improper under the terms of a collective bargaining agreement then in effect. Higgins also contends that defendant Local No. 10 breached its duty of fair representation in violation of Section 8(b)(1)(A) of the Act, 29 U.S.C. § 158(b)(1)(A), because it refused to process her grievance against Modern after she was discharged. Defendants move to dismiss her complaint under Rule 12(b)(6), on the ground that Higgins failed to exhaust intra-union remedies before filing suit.

■ As a general rule, where a union charter provides for exhaustion of intra-union remedies before resorting to the courts, a union member must exhaust those remedies as a prerequisite to filing suit. *Brady v. Transworld Airlines,* 401 F.2d 87 (3d Cir. 1968). The district court, however, may in its discretion refuse to invoke the exhaustion requirement. *Semancik v. United Mine Workers of America District No. 5,* 466 F.2d 144 (3d Cir. 1972); *Lucas v. Philco-Ford,* 380 F.Supp. 139 (E.D.Pa.1974). In particular, exhaustion has been found to be unnecessary where the union's internal mechanisms are inadequate, or are controlled by persons to whom the union member stands opposed. *Semancik, supra,* 466 F.2d at 151.

■ Where the union member alleges a breach of the duty of fair representation by the union, the union has the burden to establish that internal remedies are available and adequate. *Yeager v. C. Schmidt & Sons, Inc.,* 343 F.Supp. 927 (E.D.Pa.1972). Defendants contend that intra-union remedies are adequate, and cite provisions in the charters of both the local and international unions, which they submit provide Higgins with avenues to pursue her complaint that the local union arbitrarily refused to process her grievance. However, the provisions cited are somewhat ambiguous.

Under the local charter, charges can be brought against union officials for "serious misconduct" or violations of the charter itself. (Local Charter, p. 9, Exhibit A, Defendant Union's Motion to Dismiss.) Failure adequately to represent the rights of a union member is not specifically enumerated as an offense for which charges can be brought, and most of the charges listed deal with financial mismanagement. There is no provision made for charging the local union itself with a breach of duty, as opposed to individual officers, and it is unclear what remedies are available to a union member who successfully presses charges.

Under the international charter, any violation of general union principles, such as a breach of loyalty to the union, is a ground for charges. However, failure to protect the rights of union members is not specifically listed as an offense for which an individual member may bring charges. (International Charter, p. 44, Exhibit B, Defendant Union's Motion to Dismiss.) Likewise, it is unclear what remedies are available to a union member who prevails. The international union can "discipline" the local union and assume control over its affairs. Whether it can order local officials to process a member's grievance, or to pay her damages, is not clear from the face of the charter. (*Id.*)

In *Lucas v. Philco-Ford, supra,* the court ruled that when a union member is proceeding against the union itself, rather than its individual officers, and seeks back pay and consequential damages, as does Higgins

here, exhaustion of internal remedies is not required. In *Neipert v. McKee & Co.,* 448 F.Supp. 206 (E.D.Pa.1978), the court accepted the distinction drawn in *Lucas* between charges brought against the union itself and charges against individual officers, but found on the facts of the case that adequate intra-union remedies were available to the plaintiff.

■    In the instant case, I am persuaded to exercise my discretion in favor of. Higgins' position that she should not be required to exhaust internal remedies. By citing to provisions in the union charter which might arguably encompass the claims Higgins is asserting, defendants have not carried their burden to establish that intra-union remedies would suffice to protect Higgins' rights. In *Neipert,* where a union charter vague on its face was held to be adequate, the court had before it affidavits and depositions attesting to the availability and effectiveness of the intra-union procedures in accommodating the kind of complaint pressed by the plaintiff. Here, I have only conclusory allegations that the intra-union mechanisms are sufficient to handle Higgins' complaint.

Second, the hearing on Higgins' charges would take place before local officials, regardless of whether she proceeded under the local or the international charter. (Exhibit A, *supra,* p. 9; Exhibit B, *supra,* p. 39) Although it is possible that they would give Higgins a fair hearing on her allegations, in effect they would be sitting in judgment on themselves, and it is most improbable that they would vote to find that the local union had breached its duty of fair representation to one of its members. There is a provision for the General President of the international union to assume original jurisdiction in certain cases, (*id.*), but I find that a most unlikely prospect in a case involving an isolated refusal to process . a grievance. Thus, if exhaustion is required Higgins would be faced with the unfair burden of pressing her complaint before a panel composed of persons to whom she stands opposed. *Semancik, supra.*

Finally, as the court noted in *Lucas v. Philco-Ford, supra,* in a case involving discharge of an employee, where consequential damages and back pay are at issue, it is difficult to conclude that internal union mechanisms can afford the plaintiff the kind of relief being sought.

Defendants' motion to dismiss will be denied.