391 F.2d 549
 Sidney AXELROD
v.
Lawrence STOLTZ, President, and Rober Burns, Secretary,
Hotel, Motel & Club Employees' Union, Local 568 AFL and
Hotel, Motel and Club Employees' Union Local 568 AFL,
Appellants, and Philadelphia Local Joint Executive Board of
Hotel and Restaurant Employees, Bartenders and International Union.
 No. 16482.
 United States Court of Appeals Third Circuit.
 Argued Jan. 11, 1968.
Decided March 12, 1968.
 
 Alan R. Howe, Philadelphia, Pa. (Edward Davis, Philadelphia, Pa., on the brief), for appellants.
 Stephen A. Sheller, Astor, Weiss & Foglietta, Phiadelphia, Pa., for appellee.
 Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Plaintiff-Appellee from 1947 to March 13, 1962 was a member in good standing of Defendant-Appellant Local 568 on which date he was suspended for a two year period, which expired on March 13, 1964. Thereafter the Local refused to reinstate him. On January 9, 1967 he filed a complaint in the District Court against the officers of the Local and the Local itself alleging that he was threatened by great and irreparable injury through being deprived of his union rights. He asked that an injunction issue preliminary to final hearing and perpetually thereafter enjoining the defendants from denying him his right to union membership. He prayed that after final hearing an award of damages, as may be found due and owing him, be awarded him. We agree with the District Court that it had jurisdiction of this matter under Section 102 of the LMRDA, 29 U.S.C.A. 412 which reads:
 
 
 2
 'Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.'
 
 
 3
 We also agree with the District Court that in its determination whether it had such jurisdiction it need only determine that in this cause there has been 'the assertion of a substantial claim under a federal statute * * * even though (the) court may determine ultimately that no cause of action on which relief could have been granted was alleged.' Hughes v. Local 11, International Association of Bridge Workers, 287 F.2d 810, 814 (3 Cir. 1961), cert. denied, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961).
 
 
 4
 On January 10, 1967, plaintiff filed a motion for preliminary injunction. January 23, 1967 was fixed as a hearing day for that motion. On January 18 the defense filed an elaborate motion to dismiss the complaint. The grounds stated were that the complaint failed to state a cause of action under Title I of the Labor Management Act, 29 U.S.C.A. 411 et seq. because it does not allege any violations by defendants of said Title; that the Court was without jurisdiction as the requisite diversity of citizenship does not exist; that the requisite amount in controversy is not stated; that the Court is without jurisdiction because the complaint on its facr fails to state sufficient facts to bring the cause of action under Title I or any other part of the L.M.R.D.A.; that the Court has no jurisdiction because plaintiff has not alleged exhaustion of internal union remedies and that plaintiff has a similar suit pending against the same defendants and for the same relief.
 
 
 5
 The above defense motion was fixed for hearing at the same time as that of plaintiff. The hearing on both motions was held January 23, 1967. At that time the parties agreed to file a stipulation of facts. That stipulation was filed on January 31, 1967. Plaintiff's motion as noted was for a preliminary injunction. However, by reason of the defense motion to dismiss on the ground that plaintiff had failed to state a claim under Title I of the Act upon which relief could be granted, as the defense admits in pages 5 and 6 of the appellant's brief, 'In upholding plaintiff it was necessary for the Court of determine that plaintiff was a 'member' or a 'member in good standing' within the meaning of Section 3(o) of the Act, 29 U.S.C.A. 402(o) * * *'. The District Court did so find. There was never any objection or suggestion to the District Court that in so holding it had gone beyond the scope of the motions before it. In addition there has never been a denial that the Court has what were apparently the full facts in the stipulation before it. Unfortunately there was no formal statement in the record by the parties with the acceptance of the Court that the hearing on the motions was to be considered as final hearing. In the face of the above quoted statement by the defense in this appeal and the stipulated facts on file, the appellants now argue in that same brief that the Court erred in its order which 'gave plaintiff full and final relief on the merits prior to final hearing.'
 
 
 6
 In the circumstances since the Court's opinion and order are titled 'sur motion for preliminary injunction' and since the injunction allowed is not designated as final we uphold it as a preliminary injunction pending final hearing. We suggest to the District Court that such hearing be held promptly. For that hearing both sides are to be given the right to offer additional factual evidence if desired. Evidence as to plaintiff's damages may also be presented at that time or reserved, as to trial judge decides.
 
 
 7
 The judgment of the District Court will be affirmed.