SAFE WORKERS' ORGANIZATION, CHAPTER NO. 2, et al.,
Plaintiffs,

v.

Curt BALLINGER, President, et al.,
Defendants.

No. C–1–74–336.

United States District Court,
S. D. Ohio, W. D.

Nov. 20, 1974.

Jacques J. Fiehrer, Hamilton, Ohio, for plaintiffs.

Bernard C. Fox, Cincinnati, Ohio, for defendants.

DAVID S. PORTER, District Judge:

## I.

## STATEMENT OF THE CASE

A. *This removal action purports to be brought, at least in part, under the Labor-Management Reporting and Disclosure Act of 1959, Sections 101 and 102.*

This matter is before the Court on the Court's inquiry, *sua sponte,* as to the basis of its jurisdiction.

Plaintiffs filed their complaint in the Court of Common Pleas, Butler County, Ohio. Briefly stated, plaintiffs allege that the defendants, officers of Safe Workers' Organization, Chapter No. 2, have been conducting that labor organization's business as Local # 1862 U.A. W. despite the refusal of the National Labor Relations Board to amend the Safeworker's certification to show the purported U.A.W. affiliation.[1]

Plaintiffs further allege that the bank accounts of the Safe Workers' Organization have been closed and the funds comingled with the Local # 1862 U.A.W. funds; and that the officers of the Safe Workers' Organization, as such, are no longer bonded as required by law; Title V, LMRDA § 502, 29 U.S.C. § 502; and that the "defendants have coerced and intimidated members of plaintiff labor organization to accept affiliation with

1. Case No. 9–AC–41, decision and order of May 28, 1974.

said Local # 1862 U.A.W." Complaint, para. 3 (Doc. 4).

Plaintiffs were granted a temporary restraining order by the Court of Common Pleas, whereupon the case was removed to this Court by defendants. The temporary restraining order was continued on agreement among counsel and with the approval of this Court, (Doc. 8) pending hearing on defendants' motion to dissolve the restraining order. That motion came to be heard on the basis of the professional statements of counsel and oral arguments, at which time the restraining order expired and the cause was set for an evidentiary hearing on plaintiffs' motion for preliminary injunction. (Doc. 11) During the course of the evidentiary hearing, it became apparent that a serious question existed as to whether or not this court had jurisdiction. Briefs were requested and submitted on this point. (Docs. 12 and 14).

In their removal petition (Doc. 1), defendants allege:

"2. This controversy arises under the laws of the United States and particularly under Title 29 U.S.C. Sec. 411(a)(2)(4) [sic], and is a civil action over which this Federal District Court has original jurisdiction under Title 29 U.S.C. Sec. 412."

Plaintiffs too maintain that this Court has jurisdiction under the Labor-Management Reporting and Disclosure Act of 1959, Title I, Secs. 101(a)(2) and (4), 29 U.S.C. Secs. 411(a)(2) and (4) and Sec. 412.[2] Plaintiffs also rely on Title V of that Act, Secs. 501 and 502, 29 U.S.C. Secs. 501 and 502.[3]

Defendants now deny jurisdiction. In their written brief, defendants argue that plaintiffs have failed to establish the conditions precedent to jurisdiction under Title V, but do not address themselves directly to plaintiffs' assertion of jurisdiction under Title I, 29 U.S.C. Secs. 411 and 412. Defendants do claim, however, that this suit falls within the exclusive jurisdiction of the National Labor Relations Board either because the case actually involves a representation question, 29 U.S.C. Sec. 159; or because the action involves an unfair labor practice, 29 U.S.C. Sec. 158.

We deal first with our jurisdiction or lack of jurisdiction under LMRDA, Title V. Thereafter, we will discuss the somewhat more difficult jurisdictional question associated with Title I of that Act. For reasons that will appear, we do not reach the issue of the possible exclusive jurisdiction of the National Labor Relations Board.

II.

PLAINTIFFS HAVE FAILED TO ESTABLISH JURISDICTION UNDER TITLE V OF THE LMRDA, 29 U.S.C. § 501:

A. *The Safe Workers' Organization Is Not A Proper Plaintiff under LMRDA § 501 As That Section Does Not Give District Court Jurisdiction Over Action By Labor Organization Against Its Officers:*

■ Title V of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 501–504, is a legislative declaration of the fiduciary relationship in which labor organization agents and officers stand with respect to the unions and labor associations which they serve. Section 501 of Title V creates a federal cause of action, albeit a somewhat circumscribed action, for breach of this fiduciary relationship which the members of the labor organization themselves may pursue. LMRDA § 501, 29 U.S.C. § 501. An action under

---

2. P.L. 86–257, Title I, Sec. 101–102, 73 Stat. 522 (Sept. 14, 1959). Section 101 is the "Labor Bill of Rights," and Sec. 102 creates a civil cause of action for vindication of these rights which may be brought in the federal district court.

3. P.L. 86–257, Title V, Sec. 501, 73 Stat. 535 (Sept. 14, 1959) ; Sec. 502, 73 Stat. 536, as amended by P.L. 89–216, Sec. 1, 79 Stat. 888 (Sept. 29, 1965). Title V governs the fiduciary responsibilities of labor organization agents and officers.

this provision is in the nature of, or at least analogous to, a shareholders' derivative action. See, e. g., Nelson v. Johnson, 212 F.Supp. 233, 297–298 (D.Minn 1963), aff'd 325 F.2d 646 (8th Cir. 1963); Phillips v. Osborne, 403 F.2d 826, 831 (9th Cir. 1968).

The instant suit purports to have been brought by the Safe Workers' Organization, Chapter No. 2, as well as by two individual plaintiffs who claim to be members of that organization, under Title V of the LMRDA, and specifically under § 501(b) thereunder, 29 U.S.C. § 501(b), which is set out in the margin.[4] Nine individual defendants are named, in their official capacities, and are designated as "being all of the OFFICERS and SHOP COMMITTEEMEN of SAFE WORKERS' ORGANIZATION, CHAPTER NO. 2." Complaint, page 2 (Doc. 1). Neither the Complaint nor its attached affidavit suggest how this suit came to be authorized by the Safe Workers' Local to be brought in its name. *But see* Rule 9(a) and Rule 17(b), F.R. Civ.P.

However, on its face Section 501(b) authorizes only suits by labor organization *members* against the allegedly misfeasant "officer, agent, shop steward, or [other] representative of a labor organization." This language has been stringently construed as not reaching actions *against* the labor organizations themselves. *See:* Sabolsky v. Budzanoski, 457 F.2d 1245 (3rd Cir. 1972), cert. den. 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); Woody v. Sterling Aluminum Products, Inc., 244 F.Supp. 84, 88–89

(D.Mo.1965), aff'd 365 F.2d 448 (8th Cir. 1966), cert. den. 386 U.S. 957, 87 S. Ct. 1026, 18 L.Ed.2d 105, reh. den. 386 U.S. 1027, 87 S.Ct. 1371, 18 L.Ed.2d 471 (1967); Aho v. Bintz, 290 F.Supp. 577, 579 (D.Minn.1968); also see Pignotti v. Local # 3 Sheet Metal Workers' Int. Assoc., 343 F.Supp. 236 (D.Neb. 1972) (neither 29 U.S.C. § 411 nor § 501 authorizes claim against employer or union pension fund). *But compare:* Holdeman v. Sheldon, 204 F.Supp. 890 (S.D.N.Y.1962), aff'd 311 F.2d 2 (2d Cir. 1962) (denying union motion to intervene as party defendant on ground that union's interests were adverse to individual defendants); and International Broth. of Teamsters, Etc. v. Hoffa, 242 F.Supp. 246 (D.D.C.1965) (labor union appearing in complaint as plaintiff denied right to intervene as defendant, the court also refusing to realign union as a defendant, but retaining union as a party exclusively to defend its own institutional interests).

While no reported case has yet held that § 501 does not reach suits *by a labor organization* against its officers, no reason appears why this should not be so. The labor organization may avail itself directly of the pertinent remedies under the applicable state law. LMRDA § 603, 29 U.S.C. § 523(a); Gilbert v. Hoisting & Portable Engineers, etc., 237 Or. 130, 384 P.2d 136 (1963), cert. den. 376 U.S. 963, 84 S.Ct. 1125, 11 L.Ed.2d 981 (1964); *also see* Tomko v. Hilbert, 288 F.2d 625 (3rd Cir. 1961), and Holdeman v. Sheldon, 204 F.Supp. 890 (D.N.Y.1962), aff'd 311 F.2d 2 (2d Cir.

---

4. Section 501(b) provides:

(b) When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation.

1962). As to Ohio law, *see generally*: 33 O.Jur.2d 107, 122–124 (and 1974 P.P. at 73), Labor §§ 11 Affiliation or Disaffiliation with National or International Union; § 12 Existence of Local Union Notwithstanding Withdrawal of Majority. *Also see*: O.R.C. § 1715.17 as amended by 131 O.L. (H 505), eff. Oct. 30, 1965, and as amended by 132 O.L. (H 1, § 1), eff. Feb. 21, 1967.

■ Thus, the Safe Workers' Organization does not appear to be a proper plaintiff under § 501, and absent other jurisdictional grounds, should be dismissed.

B. *Individual Plaintiffs Have Failed To Establish Compliance With The Statutory Conditions Precedent To Maintenance Of A § 501 Action:*

■ As in the case of shareholders' derivative suits, potential abuses were foreseen. Accordingly, to protect union officials from unjust harassment, safeguards were incorporated into the Act which require as prerequisites to commencement of a member's action that the member must first request the union or its governing board or its officers to bring the suit, and secondly, that the member must secure, upon a showing of good cause, court permission to proceed with the action. See § 501(b), 29 U.S.C. 501(b). In the instant case, the complaint does not allege that the prerequisite demand has been made upon the union or its officers.[5] Nor is there any indication in this record that plaintiffs sought leave of court to commence this action, showing good cause, before proceeding in the state court, and no such request has been made here.

The following cases support the proposition that a request by the plaintiff-members that the "labor organization or its governing board or its officers" undertake the action is a condition precedent to maintenance of a Title V action:

"Coleman v. Brotherhood of Railway & S. S. Clerks, etc. (1965 C.A.2 N.Y.) 340 F.2d 206, 15 A.L.R.3d 933 (allegation of futility of such a request will not suffice); Horner v. Ferron (1966, C.A.9 Cal.) 362 F.2d 224, cert. den. 385 U.S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305; Penuelas v. Moreno (1961, D.C. Cal.) 198 F.Supp. 441 (request must be for court action); Persico v. Daley (1965, D.C.N.Y.) 239 F.Supp. 629 (allegation of futility of request not sufficient); International Brotherhood of Teamsters, etc. v. Hoffa (1965, D. C.Dist.Col.) 242 F.Supp. 246; Woody v. Sterling Aluminum Products, Inc. (1965, D.C.Mo.) 244 F.Supp. 84, affd. (C.A.8) 365 F.2d 448." Union Officers—Fiduciary Duties, 15 A.L.R.3d 939, 950, § 12(a).

*Also see*: Cassidy v. Horan, 405 F.2d 230 (2d Cir. 1968); Phillips v. Osborne, 403 F.2d 826 (9th Cir. 1968); and Antal v. Budzanoski, 320 F.Supp. 161 (D. Pa.1970), mod. sub nom. Sabolsky v. Budzanoski, 457 F.2d 1245 (3rd Cir. 1972), cert. den. 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972).

But compare Hood v. Journeymen Barbers, Hairdressers, Etc., 454 F.2d 1347, 1354 and note 23 (7th Cir. 1972), holding that the failure of plaintiff union members to allege failure or refusal of the union or its governing board to sue or secure relief upon request did not defeat district court jurisdiction where the defendants had expressly predicated removal from state to federal court on the statute containing this requirement without objecting to plaintiffs' failure to make this demand and where this request would have been futile.[6] But we

---

5. The Ohio Rules of Procedure, Rule 9(C), like its federal cognate, Rule 9(c), F.R.Civ. P., provides:

 (C) Conditions precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity. Plaintiffs have not complied even with this very lenient requirement.

6. The relevant language appears at 454 F.2d 1354, note 23:

 "23. Section 501(b), *supra*, note 7, requires as a condition of jurisdiction that the

note that in the instant case defendants did not rely on the LMRDA except as a shield and in fact deny federal jurisdiction—raising inter alia plaintiffs' failure to make the requisite demand.

The proposition that obtaining leave of court is a condition precedent to commencement of this action under § 501(b) is supported by these cases:

"Addison v. Grand Lodge of International Asso. etc. (1963, C.A.9 Cal.) 318 F.2d 504; Coleman v. Brotherhood of Railway & S. S. Clerks, etc. (1965, C.A.2 N.Y.) 340 F.2d 206, 15 A.L.R.3d 933; Executive Board, Local Union v. International Brotherhood of Electrical Workers (1960, D.C.Md.) 184 F.Supp. 649; Woody v. Sterling Aluminum Products, Inc. (1965, D.C. Mo.) 244 F.Supp. 84, aff'd (CA8) 365 F.2d 448." Union Officers—Fiduciary Duties, 15 A.L.R.Fed. 939, 950, § 12(b).

Also see: Morrissey v. Curran, 423 F.2d 393 (2d Cir. 1970), cert. den. 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 (1970), cert. den. sub nom. Segal v. Morrissey, 400 U.S. 826, 91 S.Ct. 52, 27 L.Ed.2d 56 (1972); Phillips v. Osborne, 403 F.2d 826 (9th Cir. 1968).

In sum, the individual plaintiffs have failed to establish compliance with the jurisdictional prerequisites of an action under § 501(b) of the LMRDA, 29 U.S. C. § 501(b).

### III.

STATE COURT LACKED JURISDICTION OVER LMRDA SEC. 102 ACTION; AS WANT OF JURISDICTION IN STATE COURT COULD NOT BE CURED BY REMOVAL, FEDERAL DISTRICT

plaintiff allege failure or refusal of the labor organization or its governing board or officers to sue or secure relief upon request. However, like the demand requirement of Rule 23.1 of the Federal Rules of Civil Procedure, such a request is not always necessary. See 3B J. Moore, Federal Practice ¶ 23.1.-19, at 23.1–253 to 23.1–255 (2d ed.

COURT LACKS REMOVAL JURISDICTION AND SHOULD REMAND CASE TO STATE COURT FOR RESOLUTION OF STATE CAUSES OF ACTION:

A. *In resolving threshold question of its jurisdiction, the Court is not required to determine if a proper cause of action upon which relief can be granted has been stated.*

During a colloquy on this jurisdictional problem at the hearing on plaintiffs' motion for a preliminary injunction, plaintiffs claimed that the special meeting of the Safe Workers' Organization, at which affiliation with the U.A.W. was voted, was marred by booing and shouting-down of Safe Workers' adherents, as well as by some scuffling, fighting and other physical intimidation, in violation of the labor Bill of Rights, Title I, Sec. 101(a)(2). Defendants countered through their counsel, that this matter was not in the complaint.

Defendants' counter thrust misses its mark. In determining whether it has jurisdiction, a federal district court is required only to determine whether a substantial claim has been asserted under a federal statute, here LMRDA Sec. 101(a)(2), even though the Court may ultimately determine that no cause of action upon which relief could be granted was alleged. Axelrod v. Stoltz, 391 F.2d 549 (3rd Cir. 1968); Lewis v. Am. Fed. of State, County and Mun. Employees, 407 F.2d 1185 (3rd Cir. 1969), cert. den. 396 U.S. 866, 90 S.Ct. 145, 24 L.Ed.2d 120 (1969), reh. den. 396 U.S. 950, 90 S.Ct. 378, 24 L.Ed.2d 256 (1969); Amalgamated Clothing Workers of America, Rank and File Committee v. Amalgamated Clothing Workers of

1969). Here the defendants expressly predicated removal upon Section 501(b) and have never objected to any failure of plaintiff to request relief. In any event, when the proceedings in the district court began to unfold, there was no doubt but that such a request would have been an idle ceremony.

America, Philadelphia Jt. Bel., 473 F.2d 1303 (3rd Cir. 1973). Also see: Gibson v. First Federal S. & L. A., 504 F.2d 826 (6th Cir. 1974).

■ For present purposes, plaintiffs' allegation "that the defendants have coerced and intimidated members of plaintiff labor organization to accept affiliation with said Local # 1862 U.A.W." sufficiently passes this test, bearing in mind that in terms of jurisdiction, "it is immaterial that the form of the state proceeding would require repleading in the federal court or would be awkward to try." Moore's Federal Practice (Pamphlet Edition) J.C.–696.

B. *Federal District Courts have exclusive jurisdiction over suits brought under LMRDA Sec. 102.*

The Labor-Management Reporting and Disclosure Act of 1959 (Landrum-Griffin Act), Title One, Sec. 101, 29 U.S.C. Sec. 411, created the so-called "Bill of Rights of Members of Labor Organizations," containing five somewhat general guarantees, at least one of which is alleged to have been violated by defendants.[7] Civil actions to redress violations of these guarantees are authorized by Sec. 102 of the Act, 29 U.S.C. Sec. 412, which provides that such actions "may" be brought in federal district courts. The question before this Court is whether such actions may also be brought in state courts.

■■ The general rule is that "federal jurisdiction is not exclusive unless Congress chooses to make it so, either expressly or by fair implication." Wright, Law of Federal Courts, Sec. 10 at 23 and p. 4. See: Clafin v. Houseman,

93 U.S. 130, 23 L.Ed. 833 (1876); Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507–508, 82 S.Ct. 519, 7 L.Ed. 2d 483 (1962); Note: Exclusive Jurisdiction of the Federal Courts in Private Civil Actions, 70 Harv.L.Rev. 509 (1957). In this case Congress has so chosen, and the jurisdiction of federal courts over suits to enforce the guarantees of the LMRDA "Bill of Rights", is exclusive.

■ Several considerations support this conclusion. Most importantly, Sec. 102 of the Act provides that to redress these guarantees, union members "may bring a civil action in a district court of the United States." 29 U.S.C. Sec. 412.[8] In sharp contrast, to redress a breach by union officials of their fiduciary obligations under Title V of the Act, a union member "may sue such officer, agent, shop steward, or representative in any district court of the United States *or in any State court of competent jurisdiction*." Sec. 501(b), 29 U.S.C. Sec. 501(b). (Emphasis added). The "fair implication" is that Congress plainly intended Title I jurisdiction to be exclusive while Title V jurisdiction was to be concurrent.

It is worth remarking that the distinction between Titles I and V is substantial. The Title I "Bill of Rights" created new law and new rights:

"The LMRDA has created new federal rights to be enjoyed by union members. *These rights are to be enforced in the federal courts.* See § 102 of the LMRDA, 29 U.S.C.A. § 412; Detroy v. American Guild of Variety Artists, supra [286 F.2d 75]. The

7. "Freedom of Speech and Assembly," Sec. 101(a)(2), 29 U.S.C. Sec. 411(a)(2). Although Sec. 101(a)(4), 29 U.S.C. Sec. 411(a)(4), is also recited, plainly no substantial claim is made under this provision *by the complaint* herein.

8. In its entirety, Sec. 102, 29 U.S.C. Sec. 412 provides:

412. Civil enforcement.—Any person whose rights secured by the provisions of this title [§§ 411–415 of this title] have

been infringed by any violation of this title [§§ 411–415 of this title] may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located. (Sept. 14, 1959, P.L. 86–257, Title I, § 102, 73 Stat. 523.)

fact that the Act preserves to union members all remedies 'under any State or Federal law or before any court or other tribunal * * *,' § 103 of the LMRDA, 29 U.S.C.A. § 413; see also, § 603(a), 29 U.S.C.A. § 523(a), only means that the federal protection was superimposed on protection already available in other forums, 'reinforcing and not supplanting it.' Summers, 'The Law of Union Discipline: What the Courts Do In Fact,' 70 Yale L.J. 175, 176 (1960) (footnote omitted)." Parks v. I.B.E.W., 314 F.2d 886, 922, n. 71 (4th Cir. 1963). (Emphasis added).

Also see: Detroy v. American Guild of Variety Artists:

"*Section 102 under which the appellant instituted his proceeding, provides for enforcement by federal courts of rights secured by federal law.* * * * In enforcing rights guaranteed by the new statute, whether or not similar rights would be enforced under state law by state courts, *the federal courts may develop their own principles* regarding the time when a union's action taken in violation of § 101 is ripe for judicial intervention. * * * *(T)he authority granted to the federal courts by Congress to secure the rights enumerated in § 101 of the 1959 Act is accompanied by the duty to formulate the federal law* regarding a union member's obligation to exhaust the internal union remedies before seeking judicial vindication of those rights."

Detroy v. American Guild of Variety Artists, 286 F.2d 75, 78–79 (2d Cir. 1961), cert. den. 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961) (Emphasis added).

And see: Rekant v. Shochtay-Gasos, etc., 205 F.Supp. 284, 291–292 (E.D.Pa. 1962); Robertson v. Banana Handlers, Intern. Longshoreman's Assn., Local 1800, 183 F.Supp. 423 (E.D.La.1960); Thomas v. Penn Supply & Metal Corp., 35 F.R.D. 17, 19 (E.D.Pa.1964); cf. McGraw v. U. Assn. of Journeymen & App. of Plumbing, 341 F.2d 705, 709 (6th Cir. 1965)

▓▓▓▓ On the other hand, Title V essentially provided only an additional forum in which obligations already widely recognized and enforced by state courts might be enforced.[9] In this sense, the provisions of Title V are analogous to Sec. 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185, which provides a federal forum for the determination of suits by or against unions for alleged violations of their collective bargaining agreements, LMRA Sec. 301 jurisdiction being concurrent with the state courts.[10] By way of comparison, the Title I provisions are more nearly analogous to the economic "bill of rights" of the Sherman Act, over which the jurisdiction of federal courts is exclusive, General Investment Co. v. Lake Shore M. S. Ry., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922).[11]

▓▓▓ Significantly, Title I was not part of the original Senate Bill and was

9. Albeit federal law governs also here and the courts are authorized to fashion a new federal labor with respect to this section. Hgwy. Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608 (D.C.Pa., 1960), aff'd. 284 F.2d 162, cert. denied 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744. *Compare,* LMRA Sec. 301, *infra,* and Teamsters Local 174 v. Lucas Flour Co., 369 U.S. 95, 82 S. Ct. 571, 7 L.Ed.2d 593 (1962).

10. Humphrey v. Moore, 375 U.S. 335, 84 S. Ct. 363, 11 L.Ed.2d 370, reh. den. 376 U.S. 935, 84 S.Ct. 697, 11 L.Ed.2d 655 (1964) (2 mems.); Local 174, Teamsters, Etc. v. Lucas Flour Co., 369 U.S. 95, 81 S.Ct. 747, 5 L. Ed.2d 744 (1962); Charles Dowd Box Co. v.

Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed. 2d 483 (1962). The language is: "suits for violation of contracts . . . *may be brought in any district court of the United States* having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. Sec. 185(a). (Emphasis added).

11. The Sherman/Clayton jurisdictional grant is codified at 15 U.S.C. Sec. 15, "Any person who shall be injured in his business or property . . . *may sue therefor in any district court of the United States* . . . " (Emphasis added).

strongly opposed by the labor official-dom when introduced. As initially proposed, Title I actions would have been brought only by the Secretary of Labor, and by him exclusively in the federal district courts. This remedy was fashioned after that provided by Title IV, Sec. 402, 29 U.S.C. Sec. 482, for the enforcement of the federal guarantees of that title, contained in Sec. 401, 29 U.S. C. Sec. 481, relating to union elections. The Title IV remedy is exclusive. Sec. 403, 29 U.S.C. Sec. 483; Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). Prior to enactment however, Title I was amended to give the Sec. 102 right of action directly to aggrieved member. There is no reason to believe Congress intended in so doing to extend enforcement of the Bill of Rights to the state courts.

A good synopsis of this legislative history appears in the concurring opinion of Mr. Justice Stewart in Calhoon v. Harvey:

> The language is certainly not free from doubt. And the legislative history indicates that the structure can be misleading. What now constitutes Titles II through VI of the Act was substantially contained in the original bill presented to the Senate by Senator Kennedy. Title I, first introduced by Senator McClellan, was the product of doubt that the bill went far enough in guaranteeing internal democracy in union affairs. The concept of Title I —its stress on equal rights and judicial protection—was the subject of great controversy both in the Senate and in the House. Repeated attempts were made by representatives of organized labor, among other groups, to have the strict mandate of this so-called Bill of Rights modified, or eliminated altogether. Despite these efforts to remove Title I, it endured, and indeed was amended to provide stronger remedial provisions than those contained in the original version. As originally introduced, § 102 would have required an aggrieved union member to make his complaint to

the Secretary of Labor, exactly the remedy provided by Title IV. The Kuchel amendment, however, substituted the present provision permitting suit by an aggrieved member in a federal district court. 379 U.S. 134, at 144, 85 S.Ct. at 298 (1964).

While the question here raised of the exclusivity of *vel non* of the jurisdiction vested in federal courts by Sec. 102 was not raised in Calhoon v. Harvey, both the opinion of the Court by Mr. Justice Black and the concurring opinion of Mr. Justice Stewart assume that this is so.

Thus, the Court states:

> "We hold that possible violations of Title IV of the Act regarding eligibility are not relevant to determining whether or not a district court has jurisdiction under § 102 of Title I of the Act." Id. 379 U.S. at 139–140, 85 S. Ct. at 296.

And Mr. Justice Stewart responds:

> "If a Title I right is at issue, the allegedly aggrieved union member has direct, virtually immediate recourse to a federal court to obtain an adjudication of his claim and an injunction if his complaint has merit." *Id.* at 141.

> "And as to federal courts, it is certainly arguable that recourse through the Secretary of Labor is the exclusive remedy (under Title IV) only after the election has been held." *Id.*, at 141, 146, 85 S.Ct. at 297, 299.

While this language is not controlling, it is persuasive.

■ In sum, this Court may fairly conclude that "the purpose of the Landrum-Griffin Act . . . is to protect the individual rights of union members vis-a-vis the union. If such rights are claimed to be denied or infringed, Congress has specifically designated the United States District Court as the forum for enforcement." Bradley v. Local 119, International U. of Electrical, R. & M. Wkrs., 236 F.Supp. 724, 728 (E.D.Pa. 1964). The jurisdiction of the federal district court was exclusive and the state court therefore lacked jurisdiction

over this action insofar as concerns any claim under the LMRDA Title I.

C. *Where state court lacks jurisdiction, removal to Federal District Court does not cure lack of jurisdiction, even though action could have been brought originally in federal court.*

■ Removal jurisdiction is derivative; i. e., the federal district to which an action is removed has no more jurisdiction than the state court from which the action was removed. Therefore, the rule has developed that when an action within the exclusive jurisdiction of the federal courts is brought in state court and removed, the state court having no jurisdiction, the federal court likewise has no jurisdiction over the action despite removal—even though the action might have been brought in the first instance in the federal district court. Lambert Run Coal Co. v. Baltimore and Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); General Investment Co. v. Lake Shore and M. S. Ry., 260 U.S. 261, 143 S.Ct. 166, 67 L.Ed. 244 (1922) (Sherman Anti-Trust action); Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); Gleason v. United States, 458 F.2d 171 (3rd Cir. 1972); Washington v. American League of Prof. Base Clubs, 460 F.2d 654 (9th Cir. 1972). See generally: 1 A Moore's para. O.-157(3), p. 47 and n. 8 (collecting cases), and para. O.167(7), p. 392 and n. 17. Also see: Moore's Manual (Vestal-Kurland ed.) Sec. 8.08 at 492–3.

A succinct statement of this rule appears in Moore's Judicial Code (Pamphlet Ed.):

"A state suit that is within exclusive federal jurisdiction may be removed. But because of the derivitive theory of removal jurisdiction, want of jurisdiction in the state court is not cured by the removal and defendant may have the suit dismissed, although the same action could have been brought originally in the federal court." Moore's Federal Practice (Judicial Code Pamphlet) para. 89–11 at JC–680 and n. 12.

But see: 1 A Moore's Federal Practice, para. O.157(3) at 46–7 and n. 7 (rule criticized); Wright, Law of Federal Courts, Sec. 38 at 132 ("absurd").

■ If the state court lacked jurisdiction over an action brought to enforce LMRDA Sec. 101 guarantees *as such*, then by simple application of the rule of derivative jurisdiction in removal cases, this Court also lacks jurisdiction—LMRDA Sec. 102, 29 U.S.C. Sec. 412, notwithstanding.

D. *Where closely related federal and state claims are asserted in a removal action and a serious question exists as to the removal jurisdiction of district court, proper course is for district court to remand the case, not to dismiss entirely:*

Either of two approaches might be taken on remand of this action: (1) recognizing that a serious question exists as to jurisdiction, the Court may remand solely on this ground, reserving to the state court the question of that court's jurisdiction over the LMRDA cause of action; (2) alternatively, the Court may dismiss the LMRDA, Title One and/or Title Five actions and remand the suit for resolution of any underlying state causes of action. The first approach appears to be the better one as the parties have not briefed a number of questions considered in this opinion, at least not with the care that might be expected had not this question arisen during the exigent circumstances of a hearing on a motion for preliminary injunction.

(1) *Where Substantial Question Exists As To Removal Jurisdiction, The Proper Course Is To Remand.*

The question before the Court as to its jurisdiction on removal of a LMRDA Sec. 101 case is not one of first impression, albeit diligent research has discov-

ered only one prior case in which the question has been discussed. Somewhat ironically perhaps, that case arose in this Court. Strausbaugh v. Channell, 53 L.C. para. 51,495 (S.D.Ohio, W.D. (No. 3274) 1966) (Weinman, C. J.)[12]

The facts in *Strausbaugh* are surprisingly close to those in the case at bar. Plaintiff attempted to bring before the membership at a regular meeting a motion to affiliate with the International Union of Electrical, Radio and Machine Workers, AFL–CIO. The chief executive officer allegedly opposed the motion and "refused to permit the vote to be taken on the motion and refused to acknowledge and confirm a vote which was taken on said motion." Of course, in the instant case the defendants apparently supported affiliation, but in terms of removal jurisdiction this distinction is not material.

The *Strausbaugh* plaintiffs moved to remand upon the following grounds:

"(1) The cause of action set forth in the state court petition alleges no violation of Section 101 of the Landrum-Griffin Act. It sets forth a claim based upon state law.

"(2) No claim for money damages is made in the state court petition and therefore this court lacks jurisdiction for lack of the jurisdictional amount.

"(3) Section 103 of the Landrum-Griffin Act precludes removal of the within cause.

"(4) The jurisdiction of the state and federal courts is, at most, concurrent and this court should order the cause remanded to the state court." At 65,290.

Resolving plaintiffs' motion in favor of remanding, Chief Judge Weinman stated:

"The Court has carefully considered the law as stated in plaintiffs' motion to remand and in defendants' memorandum in opposition to plaintiffs' motion to remand. Regardless of whether plaintiffs or defendants are correct in their assertions, it is clear that there is a substantial question regarding this Court's jurisdiction.

If this Court were to retain this action and an appellate court were later to decide that the case should have been remanded, the parties would have expended much time and money only to find themselves once again in the Common Pleas Court for Montgomery County, Ohio. To avoid such a situation, this Court is of the opinion that where a substantial question regarding the Court's jurisdiction is raised upon a motion to remand, the motion must be granted in the interest of justice to the parties.

The Sixth Circuit in Breymann v. Pennsylvania O. & D. R. Co., 38 F.2d 209, 212 (C.C.A.6th 1930) stated:

"... the final determination of the cause may perhaps be expedited by the granting of the motion to remand. No error can be predicated upon such action of the court. ... while, if jurisdiction be retained, error may be prosecuted upon the failure to remand and a final judgment may be reversed on this account. All doubt should therefore be resolved in favor of remand. ..."

See Bradley v. Halliburton Oil Well Cementing Co., 100 F.Supp. 913, 915–916 (D.C.E.D.Okla., 1951) wherein the Court stated:

"Jurisdiction in removal proceedings continue to pose many intricate problems. As a result, a rule has been applied in the majority of the federal courts to the effect that where jurisdiction of the federal court is doubtful the case should be remanded to the state court where

---

12. But see Clinton v. Hueston, 308 F.2d 908 (5th Cir. 1962) (concluding that removal was proper as the action was within the original jurisdiction of the district court, without considering the derivative nature of the district court's jurisdiction or the possible lack of jurisdiction in the state court; jurisdiction was founded on Title V grounds as well however.

jurisdiction is unquestioned. (Citing cases). . . ."

The Court, following the instructions of the Sixth Circuit in Breymann v. Pennsylvania, O. & D. R. Co., *supra* concludes that plaintiff's motion to remand is well taken and should be and it hereby is Sustained. Accordingly, this action is Ordered remanded to the Common Pleas Court for Montgomery County, Ohio." At 65,290–291.

To say that this reasoning applies equally well to the case at bar belabors the point.[13]

Moreover, Chief Judge Weinman's resolution of this problem is well supported by Professor Wright's lucid analysis:

A great many cases might be cited for the proposition that if federal jurisdiction is doubtful the case should be remanded. This rule rests on the inexpediency, if not unfairness, of exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction. The argument to the contrary is that since there is no means for reviewing a remand order, the district court should be cautious about remand, lest it deprive defendant of his right to a federal forum. To this argument, Judge Hutcheson's answer is apposite: "I am not impressed by the assertion that some valuable right which is given him in the federal court will be taken from him by trial in the state court. As I understand the jurisprudence of this state, it operates with an eye to justice, just the same as that of the federal court."[16]

[16]. Pabst v. Roxana Petroleum Co., D.C.Tex. 1929, 30 F.2d 953, 954. (Other Footnotes omitted) Wright, Law of Federal Courts, 147–148 (1970).

This approach strongly recommends itself.

13. No reliance was placed on the lack of allegation of jurisdictional amount as removal

(2) *In Any Event, Where Closely Related State And Federal Claims Are Alleged, And The State Court Is Determined To Have Lacked Jurisdiction Over Federal Claims, The Proper Course Is To Remand Case To State Court For Resolution Of State Claims:*

To be sure, the Court may dismiss the federal claims not properly brought. Indeed, dismissal, not remand is usually proper. But—as Professor Moore observes:

"An exception should be made, however, in actions in which closely related federal and state claims are alleged. Although the state court may be found to have no jurisdiction over the federal claims, the proper course is to remand such actions, not to dismiss them entirely." Moore's Manual, (Vestal-Kurland ed.) Sec. 8.08 at 493 (nn. 6.1–10)

Such is the case in this instance.

Washington v. American League of Prof. Base. Clubs, 460 F.2d 654 (9th Cir. 1972), supports this view. In that case federal antitrust claims were intertwined with state causes of action. After stating the rule that removal did not cure the state court's lack of jurisdiction over the exclusively federal antitrust claims (and incidentally, after subjecting this rule to tough criticism), Judge Duniway turned to the problem of a practical application of the rule:

"Whatever we think of it, the rule has been applied by the Supreme Court to antitrust cases. The problem, then, is how does it apply here? * * * It seems to follow that those claims should be dismissed. But there is a practical difficulty in doing that. The federal antitrust claims are not separately stated. They are inseparably intertwined with the state claims arising out of the same set of facts. And they are accompanied by other separately stated claims that are

jurisdiction may be founded on 28 U.S.C. Sec. 1337.

clearly not federal claims at all. Certainly the state claims should not be dismissed, and we know of no authority that would require that they be dismissed. The federal court not being allowed to proceed with the federal claims giving rise to its removal jurisdiction, the state claims should be remanded. The only practical way to do this is to remand the whole action. We think that both the statute and the cases permit this result."

Section 1447(c) of Title 28, U.S.C., contains the following provisions:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . "

This section contains no provision requiring the federal court to dismiss all or a portion of an action that was removed. In this respect, it differs from the predecessor section, 28 U.S. C. § 80 (1927 ed.) which did contain such a provision. That section, however, dealt with both removed cases and cases originally filed in the federal courts; the present section deals only with removed cases. We think that the present statute permits remand of the whole case, rather than dismissal of the federal antitrust claims, if any, and remand of the rest of the case. We find some support for this view in Weeks v. Fidelity and Casualty Co. of N. Y., 5 Cir., 1955, 218 F.2d 503. *See also* Pennsylvania Turnpike Comm'n v. McGinnes, E.D. Pa., 1959, 179 F.Supp. 578, 583, aff'd, 278 F.2d 330, 3 Cir., 1960, cert. denied, 1960, 364 U.S. 820, 81 S.Ct. 57, 5 L.Ed.2d 51, 460 F.2d 654, 659–660 (9th Cir. 1972)

 In sum, the wise and proper course is to remand this case to the Court of Common Pleas for Butler County. That Court may then properly determine its own jurisdiction. In the event the state court agrees with our views as stated herein, it may enter the appropriate order of dismissal as to the federal claims and such orders will tnen be properly appealable. We wish to avoid bifurcation of this action with an appeal as to the federal causes proceeding in the Sixth Circuit Court of Appeals and trial on the state causes pending in Common Pleas Court.

Allowing the temporary restraining order to expire should not be taken as a view of the merits which we believe may be substantial. Indeed, our views, so far as it is appropriate for us to express them, are much the same as those expressed by Chief Judge Weinman in *Strausbaugh, supra*:

"There is an observation which this Court shall note. There have been attempts by various unions to become the bargaining agent for the employees of the National Cash Register Company and thereby replace the present Independent Union.

\*　\*　\*　\*　\*　\*

In this Court's opinion, since the present attempt to effect an affiliation with a national union by motion and resolution would, if successful, result in a change of the entire character of the existing Independent Union, it is not the procedure most equitable to all employees who would be affected. It seems to this Court that the most equitable manner for any union to become the representative of the employees of the N.C.R. is by a vote conducted under the auspices of the National Labor Relations Board. Such a vote would be by secret ballot and *all* employees to be affected would have an opportunity to vote. All parties must bear in mind the true fact that it is the employees, all of the employees, who are and should be the primary concern in this entire matter." At 65.291.

## ORDER

The Court on its own motion orders the within cause remanded to the Common Pleas Court of Butler County, Ohio, for reasons set forth in the decision filed simultaneously with this order.