**Delores THORP et al., Plaintiffs,**

v.

**Nick SERRAGLIO et al., Defendants.**

**No. C76–753.**

United States District Court,
N. D. Ohio, E. D.

Dec. 28, 1978.

James D. Primm, Jr., Moore, Primm & Conn, Lisbon, Ohio, Laurence R. Springer, Pfau, Comstock & Springer, Youngstown, Ohio, for plaintiffs.

Eugene Green, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER

MANOS, District Judge.

This case was originally filed in the Court of Common Pleas, Columbiana County, Ohio.[1] On July 28, 1976, defendant Nick Serraglio filed a petition for removal in this federal court. The case is now before the court on the plaintiffs' motion to remand the case to the Court of Common Pleas. Upon consideration, the motion is granted.

The complaint alleges that Nick Serraglio "struck and beat" Delores Thorp and that he conspired with the International Union to "maliciously beat and injure" Thorp. The alleged attack took place at a union meeting when Thorp "was attempting to speak on a matter relevant to the business of the meeting."[2]

Plaintiffs argue that this case belongs before the state court because the complaint alleges only the tortious acts of assault and battery. Defendant, however, argues that the case is properly before the federal court because "the Complaint raises substantial questions of federal labor law, the resolution of which is committed to federal courts  .  .  .." Specifically, the defendant argues that the complaint alleges a violation of the Bill of Rights of Members of Labor Organizations of Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(1) and (2).[3]

---

1. Court of Common Pleas, Columbiana County, Ohio, case number 76–Civ–693.

2. Plaintiff Charles Thorp, husband of Delores Thorp, joins in the complaint seeking recovery of medical expenses he has incurred and will incur for his wife's treatment and for loss of consortium.

3. Section 411 provides:

   *Bill of Rights*
   (a)(1) *Equal rights.*—Every member of a labor organization shall have equal rights and privileges within such organization  .  .  . to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings  .  .  . .

The court need not decide whether the complaint states a claim under 29 U.S.C. § 411, however, because the motion to remand is granted for another reason.

█ A case may be removed from state court to federal court only if the substantial federal question in the case was originally within the subject matter jurisdiction of the state court. As stated by Justice Brandeis in *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*:[4]

> As the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.[5]

Thus, if the state court had no jurisdiction over any Labor-Management Reporting and Disclosure Act claim, this federal court has no jurisdiction to hear the claim upon removal.

█ In an opinion with which this court agrees, Chief Judge David S. Porter of the United States District Court for the Southern District of Ohio held that federal district courts have exclusive jurisdiction over suits for violations of the Bill of Rights of Members of Labor Organizations. *Safe Workers' Organization, Chapter No. 2 v. Ballinger.*[6] After finding that his court lacked jurisdiction over the Labor Bill of Rights claim, Chief Judge Porter decided that the case should be remanded to the state court. He stated that when closely related federal and state claims are asserted in a removal action and a serious question exists as to the removal jurisdiction of the district court, the proper course is for the district court to remand the case "reserving to the state court the question of that court's jurisdiction over the LMRDA cause of action."[7] Chief Judge Porter further stated that remand to the state court was appropriate because the state claims were clearly cognizable in state court.[8] In this case, the Thorps have state tort claims appropriately adjudicable in state court.

In *Safe Workers'*, Chief Judge Porter concluded:

> In sum, the wise and proper course is to remand this case to the Court of Common

---

(2) *Freedom of speech and assembly.*—Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting . . . .
Jurisdiction of the federal courts to review violations of 29 U.S.C. § 411 is granted by 29 U.S.C. § 412.

**4.** 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

**5.** *Id.* at 382, 42 S.Ct. at 351.

**6.** 389 F.Supp. 903, 910 (S.D.Ohio 1974). A contrary opinion was rendered by Judge John M. Cannella of the Southern District of New York. *Berg v. Watson*, 417 F.Supp. 806, 808 n. 1 (S.D.N.Y.1976).

**7.** *Safe Workers'*, 389 F.Supp. at 913.
   A similar opinion was issued by Chief Judge Carl A. Weinman in *Strausbaugh v. Channell*, 53 Lab.Cas. (CCH) ¶ 51,495 (S.D.Ohio 1966):

The Court has carefully considered the law as stated in plaintiffs' motion to remand and in defendants' memorandum in opposition to plaintiffs' motion to remand. Regardless of whether plaintiffs or defendants are correct in their assertions, it is clear that there is a substantial question regarding the court's jurisdiction.
   If this Court were to retain this action and an appellate court were to decide that the case should have been remanded, the parties would have expended much time and money only to find themselves once again in the Common Pleas Court . . . . To avoid such a situation, this Court is of the opinion that where a substantial question regarding the Court's jurisdiction is raised upon a motion to remand, the motion must be granted in the interest of justice to the parties.
*Id.* at p. 65,290–91. *See also Breymann v. Pennsylvania, O. & D.R. Co.*, 38 F.2d 209 (6th Cir. 1930).

**8.** *Safe Workers'*, 389 F.Supp. at 915–16.

Pleas for Butler County. That Court may then properly determine its own jurisdiction. In the event the state court agrees with our views as stated herein, it may enter the appropriate order of dismissal as to the federal claims and such orders will then be properly appealable. We wish to avoid bifurcation of this action with an appeal as to the federal causes proceeding in the Sixth Circuit Court of Appeals and trial on the state causes pending in Common Pleas Court.[9] Similarly, this court holds that this case shall be remanded to the Court of Common Pleas for Columbiana County.

IT IS SO ORDERED.