OPINION OF THE COURT
Edward H. Lehner, J.
*272 The issue presented here for which there is no binding precedent in New York is whether a state court has subject matter jurisdiction of a claim under the “bill of rights” provisions of the federal Labor-Management Reporting and Disclosure Act.
Third-party defendants District Council No. 9, Local Union No. 18, Sandy Vagelatos, Raul Rendon, Joseph Zimmer and Fred Levett move to dismiss the third-party complaint against them pursuant to CPLR 3211 (a) (2), (5) and (7). In cross motions pursuant to CPLR 3211, third-party defendant Fred Moss seeks dismissal of the third-party complaint against him, and defendant seeks dismissal of the complaint. The third-party complaint asserts causes of action for: (i) breach of duty of fair representation, (ii) slander, (iii) intentional infliction of emotional distress, (iv) harassment, (v) violation of the act, and (vi) attorneys’ fees.
Plaintiffs’ complaint alleges that in October 1997 defendant served as the Council’s business representative and the Local’s financial secretary and, after an audit by Moss who performed accounting services for the Council, was charged with violations of the constitution of the International Union of Painters and Allied Trade (IUPAT) in regard to his duties as financial secretary. The complaint alleges that, after a Council hearing, defendant was found to have improperly performed his duties in that the sum of $26,976.94 was unaccounted for, and he was directed to pay such amount to the Council, plus $6,200 as a fine and for accounting fees, for which plaintiffs seek recovery herein.
Since the motions by third-party defendants are made pursuant to CPLR 3211 (a), the court must read the allegations of the third-party complaint as true and give them every favorable inference (Leon v Martinez, 84 NY2d 83 [1994]). Also “[i]n opposition to such a motion, a [party] may submit affidavits to remedy defects in the [pleading] and preserve inartfully pleaded, but potentially meritorious claims . . . [and] such additional submissions . . . will similarly be given their most favorable intendment” (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]).
CPLR 217 (2) provides: “(a) Any action or proceeding against an employee organization . . . which complains that such employee organization has breached its duty of fair representation regarding someone to whom such employee organization has a duty shall be commenced within four months of the date the employee or former employee knew or should have known that the breach has occurred, or within four months of the date the *273 employee or former employee suffers actual harm, whichever is later.” The last activity alleged by defendant in the third-party complaint is the filing of charges for failure to appear for picket duty in August 2002. The third-party complaint was filed on April 4, 2003. Defendant has alleged in his affidavit that he has received additional letters, the last dated April 1, 2003, demanding that he appear for mandatory picket duty. These letters regarding picketing duty are clearly insufficient to revive defendant’s cause of action based on alleged breach of the duty of fair representation and, accordingly, this cause of action is barred by the four-month statute of limitations contained in CPLR 217 (2). Moreover, Moss is not alleged to be a union officer and therefore had no duty of fair representation. Consequently, the first cause of action is dismissed.
The second cause of action is for slander. “[A] cause of action sounding in defamation which fails to comply with the special pleading requirements contained in CPLR 3016 (a) that the complaint set forth the particular words complained of, mandates dismissal” (Gill v Pathmark Stores, 237 AD2d 563, 564 [2d Dept 1997] [internal quotation marks omitted]). It is also insufficient where “[t]he claimed defamatory remarks were alleged to have been made by unknown persons to certain unspecified individuals, at dates, times and places left unspecified” (Bell v Alden Owners, 299 AD2d 207, 208 [1st Dept 2002]). Also, where “the actual defamatory words were never pleaded with particularity (CPLR 3016 [a]), but were only paraphrased in a manner such that the actual words were not evident from the face of the complaint,” dismissal is required (Murganti v Weber, 248 AD2d 208, 208 [1st Dept 1998]). Applying these principles to this case, the pleaded slander cause of action is deficient as against all third-party defendants other than Vagelatos (see, complaint ¶ 58). However, since the alleged statement of Vagelatos was not alleged to have been made within one year of the filing of the third-party complaint, the second cause of action for slander is dismissed as time-barred (CPLR 215 [3]).
The third cause of action alleges intentional infliction of emotional distress. The elements of this tort are “(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress” (Howell v New York Post Co., 81 NY2d 115, 121 [1993]). The conduct complained of must be “so outrageous in character, and so extreme in degree, as to *274 go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community” (Fischer v Maloney, 43 NY2d 553, 557 [1978]). In this case, defendant alleges that the audit of the books and records by Moss was a sham, that he did not have a fair opportunity to contest the union charges brought against him based upon the accounting, that the union and its officers improperly rejected his tender of Local dues, improperly dropped him from its membership roll, and caused him to lose employment based upon his nonunion status. However, defendant’s allegations are based upon a dispute as to the union disciplinary charges against him which here, after a hearing, resulted in an award against him. The court finds that the alleged conduct is neither sufficiently extreme nor outrageous to support a claim for intentional infliction of emotional distress, and therefore the third cause of action is dismissed.
Defendant’s fourth cause of action is for harassment. “New York does not recognize such a cause of action” (Jacobs v 200 E. 36th Owners Corp., 281 AD2d 281 [1st Dept 2001]; see also, Board of Mgrs. of Exec. Plaza Condominium v Jones, 251 AD2d 89, 90 [1st Dept 1998]). The fourth cause of action is dismissed.
Defendant’s fifth cause of action is for violation of the “bill of rights” provisions of the act (29 USC § 401 et seq.). Section 412 thereof provides:
“Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.”
This statute “provides union members with an exhaustive ‘Bill of Rights’ enforceable in federal court ... 29 U.S.C. §§ 411-415. In particular, Title I is designed to guarantee every union member equal rights to vote and otherwise participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline” (Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v Crowley, 467 US 526, 536-537 [1984]). “Under 29 U.S.C. § 412, any person whose *275 rights under the [act] are infringed may bring suit against a Tabor organization’ in federal district court. 29 U.S.C. § 412. A Tabor organization’ ... is defined as an entity ‘which exists for the purpose, in whole or in part, of dealing with employers’ concerning terms or conditions of employment. 29 U.S.C. § 402 (i)” (Berardi v Swanson Mem. Lodge No. 48 of Fraternal Order of Police, 920 F2d 198, 201 [3d Cir 1990] [emphasis in original]). Moss is not a proper defendant in a claim under 29 USC § 412, since he is not alleged to be a union official, and this cause of action is therefore dismissed against him.
Defendant alleges that there is concurrent jurisdiction in state court to provide remedies for violations of the “bill of rights” provisions of the act. In Berg v Watson (417 F Supp 806, 808 n 1 [SD NY 1976]), it was ruled “that a state court has concurrent jurisdiction over claims brought pursuant to ... 29 U.S.C. § 412.” The court in Harrell v Mundy (1977 WL 1659, 1977 US Dist LEXIS 17159 [ED Mich, Feb. 28, 1977]) agreed with such conclusion.
No case has been found since Harrell that has held that a state court has jurisdiction over an action brought pursuant to 29 USC § 412. On the contrary, in Crocco v Local 333, United Mar. Div., Intl. Longshoremen’s Assn. (612 F Supp 1072 [ND NY 1985]), it was ruled (at 1076) “that the federal courts have exclusive jurisdiction over . . . suits brought pursuant to . . . 29 U.S.C. § 412.” (See also, Thorp v Serraglio, 464 F Supp 149, 151 [ND Ohio 1978]; Safe Workers’ Org., Ch. No. 2 v Ballinger, 389 F Supp 903, 910 [SD Ohio 1974].) In holding that the National Labor Relations Board did not have jurisdiction over claims brought under section 412, the Eighth Circuit concluded that “federal courts are the only institution granted jurisdiction by the statute” (Gurley v Hunt, 287 F3d 728, 731 [2002].) Its holding is consistent with the explicit language of the statute which created a cause of action for violating a union member’s rights and gave jurisdiction for an alleged infringement “in a district court of the United States for such relief... as may be appropriate.” (29 USC § 412.) It is also consistent with the Supreme Court’s explanation of the legislative history that “[a]s first introduced . . . Title I empowered the Secretary of Labor to seek injunctions and other relief in federal district court to enforce the rights guaranteed to union members. A few days later . . . [this section] was replaced by a substitute amendment . . . Among the principal changes made by this substitute was to provide for enforcement of Title I through suits by indi *276 vidual union members in federal district court” (Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v Crowley, 467 US at 537).
Contrasting the provisions of section 412 (relating to “bill of rights” issues) which authorizes actions only in federal court, with section 501 (b), which authorizes suits in federal or state courts for a violation of the monetary fiduciary responsibilities of union officials, demonstrates the intent of Congress to grant federal courts exclusive jurisdiction of the type of violations asserted herein. (See also, Clinton v Hueston, 308 F2d 908 [5th Cir 1962].) Accordingly, the fifth cause of action is dismissed.
Defendant’s sixth cause of action for attorney’s fees is dismissed since all other causes of action are dismissed.
Although defendant’s cross motion is to dismiss the complaint against him pursuant to CPLR 3211, his attorney’s moving affirmation states that defendant is seeking summary judgment. In his affidavit, defendant states that the complaint against him based upon Moss’ accounting is a sham and annexes an unsworn letter from the Local’s insurer and a decision of the National Labor Relations Board on his complaint of an unfair labor practice concerning his union membership status. He has not provided any evidence to challenge Moss’ accounting and the award of IUPAT. Defendant must present evidence in admissible form in support of a motion for summary judgment sufficient to establish his entitlement to judgment as a matter of law. His failure to make such a showing requires denial of the motion whether considered under CPLR 3211 or 3212 (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
In sum, the motions of the third-party defendants to dismiss the third-party complaint are granted, and the clerk shall enter judgment accordingly. The motion by defendant to dismiss the complaint is denied.